(April 6, 1895.)

## STATE v. GRIFFIN.

[40 Pac. 60.]

APPEAL—PRACTICE.—No appeal lies from an order refusing to vacate an appealable order.

AMENDING RECORDS.—The trial court has authority to amend its min utes or records to conform to the fact at any time during the term

(Syllabus by the court.)

APPEAL from District Court, Logan County.

Texas Angel, for Appellant.

The failure of a court to act or its incorrect action can never authorize a *nunc pro tunc* entry. If a court does not render judgment, or renders one which is imperfect or improper, it has no power to remedy any of these errors or omissions by treating them as clerical misprisions. (*Gray v. Brignardillo,* 1 Wall. 627; *Hyde v. Curling,* 10 Mo. 359; *Gibson v. Chouteau,* 45 Mo. 171, 100 Am. Dec. 366; *Fetters v. Baird,* 70 Mo. 389; *Woolbridge v. Quinn,* 79 Mo. 370; *Cassidy v. Woodward,* 77 Iowa, 355, 42 N. W. 319; *Garrison v. People,* 6 Neb. 274.) It is well settled that the court cannot correct the judgment which was in fact rendered after the term is passed, the power to change or amend the judgment then being confined to the court having appellate jurisdiction. (Freeman on Judgments, sec. 70; Church on Habeas Corpus, sec. 377; *Ex parte Lange,* 18 Wall. 163; *Tweeds v. Liscomb,* 60 N. Y. 599, 19 Am. Rep. 211; *Stannard v. Hubbell,* 123 N. Y. 520, 25 N. E. 1084.) It is certain that proceedings for the amendment of judgments ought never to be permitted to become revisory or appellate in their nature; ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been so pronounced. (*McLean v. Stewart,* 21 N. Y. Super. Ct. 472; *Nulan County v. Robertson,* 47 Tex. 222;

*Turner v. Christy,* 50 Mo. 145; *Divining v. Burkhardt,* 34 Wis. 585.)

Attorney General George M. Parsons, for the State.

The order correcting the minutes was one which the court had full authority to make; it merely caused the record to speak the truth and supplied an omission made by the clerk. The original order being a proper one and within the authority of the court, it was not error to refuse to set it aside. That a court, during a term, may alter, revise and revoke as well as amend its record, in respect to clerical errors, as well as to matters of fact, is so well settled as to be a rule of action. (*Moore v. Taylor,* 1 Idaho, 630-635.) All courts, from the highest to the lowest, whose proceedings are preserved in any species of record, or memorial, have the power and authority to make such corrections therein as truth and justice require and the rules of law permit; this being inherent, belongs to a court more as such, and does not depend upon a statutory ground of jurisdiction. (1 Black on Judgments, sec. 161; 1 Bishop on Criminal Procedure, secs. 906, 907.) The record may be amended so as to make it speak the truth. (*Rodriquez v. State,* 32 Tex. Cr. Rep. 259, 22 S. W. 978; *In re Wright,* 134 U. S. 136, 10 Sup. Ct. Rep. 487; *State v. Leftwich,* 46 La. Ann. 1194, 15 South. 411; *State v. Harris,* 39 La. Ann. 1105, 3 South. 344; *People v. Samario,* 84 Cal. 484-486, 24 Pac. 283; *Merrill v. Kaulback,* 158 Mass. 328, 33 N. E. 515; *State v. Blake,* 5 Wyo. 107, 38 Pac. 355; *Sullivan v. Hume* (Cal.), 33 Pac. 1121; *Franklin v. State,* 28 Ala. 9; *Holman v. State,* 79 Ga. 159, 4 S. E. 8.)

HUSTON, J.—The defendant was convicted at the May term, 1894, of the district court for Logan county, of the crime of grand larceny, and was on the twenty-seventh day of June, 1894, a day in said term, sentenced to the state penitentiary for the period of seven years. In the minutes of the court, under date June 21, 1894, appears the following entry: "It appearing to the court there is an omission in the record of the proceedings had in this court on Monday, the thirtieth day of

April, 1894, in the matter of the state of Idaho against Lafayette M. Griffin, case No. 9, it is by this court ordered that the clerk insert in the record of the proceedings of this court on said day the following: 'The defendant, Lafayette M. Griffin, being called upon in open court to plead to the information, for plea said he was not guilty as charged; whereupon the court ordered that said plea be entered, and the same be set for trial, May 3, 1894.'" On the eighteenth day of October, 1894, defendant's counsel filed motion to set aside the foregoing order, which motion was denied by the court, and from such action of the court this appeal is taken. This was an order made after judgment, and an appeal, therefore, must be taken within sixty days after entry. (Rev. Stats., sec. 8044.) The appeal was not taken in time, nor can this result be cured or avoided by making a motion to set aside the order, and then appealing from the action of the court denying such motion. (*California etc. Ry. Co. v. Southern Pac. R. R. Co.,* 65 Cal. 395, 4 Pac. 13; *Tripp v. Railroad Co.,* 69 Cal. 631, 11 Pac. 219; *Symons v. Bunnell,* 101 Cal. 223, 35 Pac. 770.) The trial court has authority to amend its minutes to conform to the fact at any time during the term. (*Rodriquez v. State,* 32 Tex. Cr. Rep. 259, 22 S. W. 978; *In re Wright,* 134 U. S. 136, 10 Sup. Ct. Rep. 487; *People v. Samario,* 84 Cal. 484, 24 Pac. 283; *State v. Blake,* 5 Wyo. 107, 38 Pac. 356.) The order of the court below denying defendant's motion to set aside the order to amend the record is affirmed.

Morgan, C. J., and Sullivan, J., concur.