(May 13, 1925.)

CONSUMERS COMPANY, LTD., a Corporation, Appellant, v. PUBLIC UTILITIES COMMISSION OF IDAHO and THE CITY OF COEUR D'ALENE, a Municipal Corporation, Respondents.

[236 Pac. 732.]

PUBLIC UTILITIES COMMISSION—ORDER—REHEARING—APPEAL.

1. Before an appeal can be prosecuted from an order of the Public Utilities Commission an application for a rehearing must be made and determined.

2. The purpose and effect of a pleading rather than its designation is controlling.

3. The purpose of an application for a rehearing of any of the matters determined by an order of the Public Utilities Commission is to afford an opportunity to the parties to bring to the attention of the commission any error claimed to have been committed in such former determination, and thereby afford the commission an opportunity to rectify any mistakes made by it.

4. The Public Utilities Commission may grant more than one rehearing in any matter pending before it when the circumstances are such that the commission is of the opinion that more than one rehearing is necessary.

MOTION to dismiss appeal from order of Public Utilities Commission. *Denied.*

A. H. Conner, Attoi_cy General, James L. Boone, Assistant Attorney General, and Charles P. McCarthy, for Respondent.

The legislature may provide conditions of appeal, scope of appeal and procedure on appeal from orders of the Public Utilities Commission. (Const., sec. 9, art. 5; Laws of 1919, p. 620; chap. 72, sec. 1, Laws of 1921.)

The court has no power to extend the time within which an appeal can be taken. Whether or not the appeal has been properly taken is a jurisdictional question. (*Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750.)

Robert H. Elder, for Appellant.

Sec. 1, chap. 72, 1921 Sess. Laws, p. 141, provides the time in which appeal may be taken.

C. S., sec. 2503, provides for rehearing before the Public Utilities Commission. The commission and all the parties in interest treated the petition of appellant for revaluation as a petition for a rehearing and as a continuation of the proceedings in case No. F–499.

C. S., sec. 6728, provides: "The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties."

WM. E. LEE, J.—In July, 1922, the Public Utilities Commission, on its own motion ordered a hearing for the purpose of ascertaining the value of the property of the appellant and of investigating its rates. Hearings were held and the Commission made and filed certain orders fixing the value of the property of the utility and prescribing rates to be charged by it. An appeal was taken from the orders, and respondent moves to dismiss the appeal.

After an order has been made by the Commission any person or corporation interested may apply for a rehearing in respect to any matter determined therein. (C. S., sec. 2503.) Within thirty days after the rendition of the decision on rehearing, any party aggrieved may appeal to the

supreme court. (Chap. 72, 1921 Laws.) A party is required to ask for a rehearing before taking an appeal, and may ask for a rehearing of the cause in its entirety or of only one or more of the matters determined in the original order. When the first order was made and filed, a rehearing was asked on seven separate grounds, and a rehearing was granted on two or three grounds.

On the rehearing allowed by the Commission, among other things, appellant offered certain evidence with respect to going concern value, but the Commission rejected such evidence. On the making of Order No. 881, which was the decision on rehearing, appellant contends that by making its "Application for Revaluation" and "Petition for Revaluation," it asked for a rehearing of the matter of going concern value, which had been raised for the first time on the rehearing and determined for the first time in the decision on rehearing. Respondents contend that the "Application for Revaluation," although filed in time, was not sufficient as an application for a rehearing, and that the "Petition for Revaluation" was not filed in time. Substantially the same objections were made to the Commission and were overruled. The Commission construed together the application and petition for a revaluation and gave them the same effect as an application for a rehearing. It granted and held a hearing and (in Order No. 960) declined to make the requested allowance for going concern value. Within thirty days after the filing of Order No. 960 the appeal was perfected.

The application and petition for revaluation had the effect of a petition for rehearing; they were so considered by the Commission; they merely brought to the attention of the Commission the fact that it had in its second order (No. 881) failed to place a going concern value on appellant's property, and asked that such a value be given the property. They were incorrectly labeled, but they constituted, to all intents, an application for rehearing. The purpose and effect of a pleading rather than its designation is controlling. (*Swank v. Sweetwater Irr. etc. Co.*, 15 Ida. 353, 98 Pac. 297; 6 Cal. Jur. 256, sec. 164.)

The purpose of an application for the rehearing provided by statute, and it must be presumed to have a useful purpose, is to afford an opportunity to the parties to bring to the attention of the Commission, in an orderly manner, any question theretofore determined in the matter and thereby afford the Commission an opportunity to rectify any mistake made by it before presenting the same to the supreme court. In view of the indefiniteness of the statute and the great liberality allowed in pleading and practice before the Commission, this court would not be justified in laying down any rule that would prevent the Commission from allowing more than one rehearing in any matter pending before it where the circumstances are such that the Commission is of the opinion that more than one rehearing is necessary.

A rehearing of the second order having been granted, a hearing held and an appeal having been perfected within thirty days after the rendition of the decision on the last rehearing, the motion to dismiss the appeal is denied.

Budge and Givens, JJ., concur.

TAYLOR, J, Dissenting.—I cannot concur in denying the motion to dismiss the appeal herein. It being conceded that "the purpose of an application for a rehearing . . . . is to afford an opportunity to the parties to bring to the attention of the Commission any error claimed to have been committed in such former determination, and thereby afford the Commission an opportunity to rectify any mistakes made by it," and C. S., sec. 2503, providing that "the Commission shall grant and hold such rehearing if in its judgment sufficient reason therefor be made to appear," then unless such application does point out or claim errors, there is nothing for the Commission to determine and no "sufficient reason" for a rehearing "made to appear."

The purpose of an application for rehearing, in contemplation of this statute, is no different than in proceedings before the courts, that is, to point out specifically in what respect the original decision is erroneous. (4 C. J., p. 622,

sec. 2479, p. 635, sec. 2507.)    The application is confined to matters urged at the original hearing, and may not include new points, raised for the first time, or matters not in the record when the case was decided.    (4 C. J., p. 627, sec. 2488, p. 629, secs. 2494, 2495.)

Briefly stated, the steps in this proceeding were as follows: August 14 and 15, 1922, a valuation hearing was had. November 4, 1922, what is designated as Order No. 865 fixed the valuation of the appellant's utility at $194,000, to become effective December 1, 1922.    November 27, 1922, appellant filed a petition for rehearing upon seven specified grounds.    November 28, 1922, the Commission, by Order No. 871, granted a rehearing as to some of the questions decided which were recited in the application for rehearing.    December 8, 1922, a rehearing was had.    At the rehearing, the appellant injected into the hearing an attempt to establish going value, although this element of value had not been proven in the previous hearing, nor proof offered, nor was this specified as one of the grounds of error in the application for rehearing.    February 6, 1923, the Commission entered Order No. 881 on the rehearing, raising the valuation to $224,050.    In this order and decision the Commission considered the showing made by appellant as to going value, but made no allowance therefor, saying:

"The order granting the rehearing did not specifically open the case as to going value.    However, at the rehearing this company attempted to introduce testimony on going value, which testimony is a statement that in the opinion of the witness 10% is a reasonable allowance for going value. This Commission has decided in prior cases that going value is made up of two elements, namely, the cost of business development and the cost of property development.

"There is no evidence submitted, nor was there an attempt to submit evidence showing or tending to show that this company had actual expenditures not included in their appraisal for either property development or business development.    The amount allowed for going value must be determined upon facts and not upon assumption.    The valuation

herein determined is the value of the property as a system in which valuation there is an allowance for general overheads. It is not the desire of the Commission to refuse to consider property development and business development, providing the company produce the evidence to sustain such, but until this is done the Commission will not find any amount for property development or business development.''

This order was served upon the appellant February 8, 1923. By its terms it was to become effective immediately. No appeal was taken within thirty days from this order, nor, in my opinion, was any application for rehearing made. Upon March 8, 1923, appellant filed with the Commission a paper entitled, ''Application for Revaluation,'' simply reciting that it ''serves notice on the Honorable Public Utilities Commission'' that it ''will make application for revaluation of its property.'' This notice was not directed to any party to the proceeding, nor is any service thereof shown upon, or admission of service by, the city, the intervenors, or the assistant attorney general for the Commission, all of whom had appeared in the proceeding up to that time.

On April 24, 1923, the appellant filed a paper designated, ''Petition for Revaluation,'' reciting in part:

''Comes now Consumers' Company, Limited, and files this, its petition for a revaluation of a portion of its property, the original valuation having been determined by your Honorable Commission in Order No. 881 in case No. F–499.

''In said Order No. 881, your Honorable Commission in passing upon the element of your petitioner's property known as 'Going Value' made use of the language as follows'': (quoting the matter quoted above from that order).

Further reciting that appellant did spend large sums of money for these purposes which ''are not included in the value of other properties either as presented to your Honorable Commission or in the valuation of other elements of property as found by your Order No. 881 fixed as value of your petitioners' property . . . . And your petitioner is now prepared and ready to submit testimony showing these facts,'' and ending with a prayer that the Commission fix a

time for a hearing "upon this element of value of your petitioner's property."

The application and petition for revaluation did not bring "to the attention of the Commission the fact that it had in its second order (No. 881) failed to place a going concern value on appellant's property." It had not "failed" to do so, but had made a decision that no competent evidence of going value had been shown, nor did the appellant claim any error, but offered to "submit testimony" and asked for a hearing "upon this element of value." This petition does not amount to an application for rehearing, and does not fill any of the requirements in pointing out errors committed. It appears to concede frankly that no evidence was offered at the previous hearing of either property development or business development or going value.

I think the main opinion is in error in the statement that "The Commission construed together the application and petition for a revaluation and gave them the same effect as an application for a rehearing."

A minute entry of the Commission recites that public necessity requires a hearing upon the question of amount to be allowed appellant for going value, and fixes May 15, 1923, as the date for such hearing. It was not ordered as a rehearing. A further minute entry of May 15th recites a hearing "upon the petition of the Consumers' Company for revaluation." Order No. 960 says: "The Consumers' Company, Limited, made application for a revaluation," and proceeds to consider the evidence offered, concluding:

"After a consideration of all the elements submitted, the Commission is unable to find wherein the showing made would justify a finding that any of the items claimed should be allowed as a basis upon which 'going value' should be computed, and the Commission so finds."

C. S., sec. 2503, provides that "If a rehearing shall be granted, the same shall be determined by the Commission within 30 days after the same shall be finally submitted."

The fact that the Commission entitled this in the same case or gave it the same number is of no value or effect.

The Commission did not treat this as an application for re-hearing but as for revaluation.   The matter was finally sub-mitted May 15, 1923, and was not determined by the Com-mission until June 30, 1924.   No application for rehearing on Order No. 960 was made at any time.   July 28, 1924, appellant appealed to this court from Order No. 865, the first order fixing valuation; from Order No. 881, the order of February 6, 1923, on rehearing; and from Order No. 960, denying the revaluation on going value.

It is unnecessary to determine herein whether the appel-lant must of necessity, or could, make another application for rehearing as to Order No. 881, to be entitled to appeal there-from, or what matters would be brought up by such appeal.

"A second application for a rehearing is generally re-fused, at least where it is made by the same party and on the same grounds as a former application that has been con-sidered and denied. . . . . "   (4 C. J., p. 640, sec. 2526.)

But it cannot be doubted that it must either appeal from Order No. 881 or make a timely application for rehearing thereon in order to appeal.   Neither of these things was done.   The time for taking an appeal is jurisdictional, and if an appeal or application for a rehearing must have been made, the proceedings and steps taken by appellant do not fulfil those requirements.

By C. S., secs. 2471 and 2514, the Commission has power, from time to time, to cause further hearings and investiga-tions to be had for the purpose of making revaluation.   Such hearings shall be had on the same notice, conducted in the same manner, and the findings made shall have the same force and effect as original hearings and findings.   The appellant made an application for a revaluation after the time when it could file an application for rehearing or ap-peal from the original order.   On a revaluation, only those things are to be considered which are properly presented in the application for revaluation, and the order made on such application is appealable the same as any other order, after an application is made for rehearing thereon.   But certainly the making of an application for revaluation, which by stat-

ute is specifically provided for, does not keep alive the right to appeal from a previous order which did fix the valuation after a rehearing once had. If the time to apply for a rehearing can be permitted to run along, or the time for appeal be extended, by the fact that some time later a party makes an application for revaluation, then nothing would become final by any order, nor would an appeal, or the right of appeal, ever lapse, if such appeal could be taken from an order long since made, by simply making an application for revaluation which, as the main opinion says, was considered as an application for rehearing.

Two rules applicable to appeals from the district court seem to me equally applicable here (Sess. Laws 1921, c. 72, sec. 8) : First, the time within which an appeal may be taken is jurisdictional (*Glenn v. Aultman & Taylor Machinery Co.,* 30 Ida. 719, 167 Pac. 1163); and, second, an appeal will not lie from an order denying a motion to reconsider or set aside a previous order which was itself appealable (*State v. Griffin,* 4 Ida. 459, 40 Pac. 60). In the practice on appeals from the district court, notice of intention to move for a new trial must be given within ten days or such time as the court may grant. An appeal must be taken within the designated time. It would not be contended that an appeal from the district court could be perfected without these steps, or after the time for taking them, nor that when a judgment or other appealable order or decision was made, or a motion for new trial denied, the appellant could make a still further motion, and appeal from a second order denying the same thing.

In this case, in the rendition of the decision on rehearing, the Commission flatly denied going concern value. No appeal was taken from that, nor was any application for rehearing made, pointing out any errors in the previous ruling. The appellant simply made an application for a revaluation, stating that it was prepared to furnish proof which it had not theretofore furnished, and asked for a revaluation,—a new, or at least a supplemental, proceeding. If an application for rehearing was necessary, then, in any event, in

this matter the appeal from the first two orders should be dismissed, for there is nothing in the record except an appeal from a disallowance of going concern value, and that only as to the last order; and as to the last order, no application has been made for a rehearing, pointing out any errors therein. Therefore, the whole appeal should be dismissed.