CONSUMERS' COMPANY, LIMITED, a Corporation, Appellant, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, and CITY OF COEUR D'ALENE, a Municipal Corporation, Respondents.

[239 Pac. 730.]

UTILITY VALUATION—GOING CONCERN VALUE—REHEARING—APPEAL.

1. A party to a valuation hearing before the Public Utilities Commission may apply for a rehearing in respect to any or all of the matters determined by the order of the Commission.

2. Of the matters determined by an order of the Public Utilities Commission, this court will consider on appeal only those with respect to which a rehearing was asked.

3. The property of a well-managed, successful and profitable utility has a going concern value which must be included in the total on which it is entitled to a return.

4. Going concern value of the property of a utility is included in the total value found to exist where the Commission has heard and considered evidence relating to business and property and made such additions thereto as the evidence justifies,

has included such values as are proper for overheads, and has valued the physical property of the utility as a successful going concern.

APPEAL from Public Utilities Commission. .

Proceedings before the Public Utilities Commission to fix the value of the property of the Consumers' Company for rate-making purposes and to fix rates to be charged. From its order the company appealed. *Order affirmed.*

Robert H. Elder, for Appellant.

The Commission failed and refused to allow any amount for going concern value. The courts have uniformly upheld the theory of going concern value. (*Denver v. Denver Union Water Co.*, 246 U. S. 178, 38 Sup. Ct. 278, 62 L. ed. 649; *Des Moines Gas Co. v. Des Moines*, 238 U. S. 153, 35 Sup. Ct. 811, 59 L. ed. 1244; *Lincoln Gas & E. L. Co. v. Lincoln*, 250 U. S. 256, 39 Sup. Ct. 454, 63 L. ed. 968; *Arkansas Water Co. v. Little Rock*, P. U. R. 1924C, 86; *Mobile Gas Co. v. Patterson*, 293 Fed. 208; *Streator Aqueduct Co. v. Smith*, 295 Fed. 385; *Spring Valley Water Co. v. San Francisco*, 252 Fed. 979; *Joplin Gas Co. v. Missouri Public Service Com.*, 296 Fed. 271; *Alton Water Co. v. Illinois Commerce Com.*, 279 Fed. 869.)

A. H. Conner, Attorney General, and Charles P. McCarthy, for Respondent Public Utilities Commission.

On an appeal from an order of the Public Utilities Commission appellant is confined to questions raised and errors alleged in the petition for rehearing. (Sess. L. 1921, chap. 72, sec. 1, p. 141; C. S., sec. 2503; *Consumers Co. v. Public Utilities Com.*, 40 Ida. 772, 236 Pac. 732.)

On appeal from an order of the Public Utilities Commission, the review by the court does not extend further than to determine whether the Commission has regularly pursued its authority, or whether the order appealed from violates any right of appellant under the federal or state constitution. (Sess. L. 1921, chap. 72, sec. 3, p. 142; *Boise*

*Artesian Water Co. v. Public Utilities Com.,* 40 Ida. 690, 236 Pac. 525.).

The Commission should not attempt to calculate or segregate any specific theoretical value which attaches to the plant or system by reason of the fact that it is a going concern, but should estimate the value of the property in the light of that fact. (*Boise Artesian Water Co. v. Public Utilities Com.,* 40 Ida. 690, 236 Pac. 525; *Murray v. Public Utilities Com.,* 27 Ida. 603, 150 Pac. 47, L. R. A. 1916F, 756; *Des Moines Gas Co. v. Des Moines,* 238 U. S. 153, 35 Sup. Ct. 811, 59 L. ed. 1244.)

The present fair value of the property of a public utility for rate-making purposes cannot be established by any given formula, but must be the result of a reasonable judgment exercised upon consideration of all relevant facts. (*Simpson v. Shepard,* 230 U. S. 352, 33 Sup. Ct. 729, 57 L. ed. 1511; *Georgia Ry. & Power Co. v. Railroad Com.,* 262 U. S. 625, 43 Sup. Ct. 680, 67 L. ed. 1144; *Wisconsin-Minnesota Light & Power Co. v. Railroad Com.,* 183 Wis. 96, 197 N. W. 359.)

W. B. McFarland, for Respondent City of Coeur d'Alene.

"In determining the present fair value of the property of a public utility, neither original cost nor reproduction cost new, considered separately, are determinative, but consideration should be given to both original cost and present reproduction cost less depreciation together with all other facts and circumstances which would have a bearing upon the value of the property, and from a consideration of all these a fair present value is to be determined." (*McAlester Gas & Coke Co. v. Corporation Com.,* 102 Okl. 118, 227 Pac. 83; *Murray v. Public Utilities Com.,* 27 Ida. 603, 150 Pac. 47, L. R. A. 1916F, 756.)

WM. E. LEE, J.—The first question relates to the scope of the appeal. Counsel, representing the Commission, make the point that there is before us only the question

of the refusal of the Commission to include in the valuation of the property of the utility, used and useful in serving the public, the amount claimed by the utility as representing its going concern value. In its Order No. 881, the Commission found and fixed the value of the property of the utility, used and useful in serving the public, and fixed rates to be charged by the utility for its service. The only objection made by appellant to this order, indicated by the petition for rehearing, related to the failure of the Commission to make the desired allowance for going concern value. When this cause was here on motion to dismiss the appeal, *Consumers' Co. v. Public Utilities Com.*, 40 Ida. 772, 236 Pac. 732, 733, this court said: "A party is required to ask for a rehearing before taking an appeal, and may ask for a rehearing of the cause in its entirety or of only one or more of the matters determined." It was also then held that the purpose of the rehearing provided is to give the Commission an opportunity to rectify any mistake made by it. In asking for a rehearing of Order No. 881 on account of the ruling of the Commission on going concern value, appellant must be held to have waived any and all other objections to the order with respect to which it asked a rehearing. If, after asking for a rehearing of only one of the many questions determined by the Commission and after the Commission has again heard and decided the particular matter for and on account of which the rehearing is asked and granted, appellant may then not only bring to this court the one question determined on the rehearing but also all the other questions originally decided by the Commission and for which no rehearing was asked, the provision for rehearing is of no consequence. Of the matters determined by the Utilities Commission, this Court will consider only those with respect to which a rehearing was asked.

Appellant claims that a specific sum should have been allowed as going concern value. Its engineer, Phipps, testified that ten per cent of the value of the property used and useful was a reasonable sum to be allowed for going

concern value. Appellant introduced its Exhibit "A," which was a detailed statement of items totaling $89,-646.01, which it claimed should be included as going concern value. This exhibit included a period from prior to the organization of the company to the end of 1922. From one dollar given to the baseball team in 1908 to $41,040, for water furnished free to the city, according to its franchise, the items cover a wide range, and convince us that nothing has been overlooked. The Commission made an allowance to cover the "organization" of the company, for "general expenses during construction, including engineering, legal and, etc.," and "interest during construction."

Of the various items that the company claims should be included, the only one that would seem to merit special consideration is that it purchased a plant belonging to the company that formerly furnished water to the city and its inhabitants, paying therefor $14,500. Deducting the value of the property used and useful and that which was sold, the sum of $9,841.03 remains, which the company claims should be allowed as development cost. The Commission rightly held that there was no evidence showing the actual value of that which was purchased nor of that which was sold. From the evidence it appears that the company paid approximately $9,841.03 more than what it bought was worth. Therefore, we cannot say that the Commission erred in refusing to add the item of $9,841.03 to the value of the system, for it surely cannot be seriously contended that a utility can buy out a competitor or a predecessor, pay therefor more than the value of that which it receives, and then add to the value of its property used and useful, on which a return must be paid, the difference between the worth of what it bought and what was paid.

As to the sum of $89,646.01, there is no evidence that any of the items making up the total, not covered and included in the valuation made by the Commission, added one dollar to the value of the plant of the company. We certainly cannot say, as a matter of law, that a value inheres in

the property of appellant because, under its franchise, it furnished the city with water without charge; or that, in order to get a lighting franchise for the Kootenai Power Co., it made a special rate to the city; or that it made donations to community enterprises. Neither can we say that services rendered by the directors, for which they made no charge and received no pay, added anything to the value of the property on which the users should be required to pay a return. To the extent that they were not already included, the Commission found that the items claimed did not constitute business or property development, and that the evidence did not justify their inclusion in the value of the property of the utility used and useful in serving the public.

Because of the condition of this water system, as found by the Commission, it being a well managed, successful and profitable concern, it has a going concern value (*Boise Artesian Water Co. v. Public Utilities Com., supra*), which must be included in the total on which it is entitled to a return. (*Des Moines Gas Co. v. Des Moines,* 238 U. S. 153, 35 Sup. Ct. 811, 59 L. ed. 1244; *Denver v. Denver Union Water Co.,* 246 U. S. 178, 38 Sup. Ct. 278, 62 L. ed. 649.) In *Knoxville v. Knoxville Water Co.,* 212 U. S. 1, 29 Sup. Ct. 148, 53 L. ed. 371, the supreme court of the United States defined going concern value as "an expression of the added value of the plant as a whole over the sum of the values of its component parts, which is attached to it because it is in active and successful operation and earning a return."

This court, in *Murray v. Public Utilities Com.,* 27 Ida. 603, 150 Pac. 47, L. R. A. 1916F, 756, held that "If evidence is offered to show that certain expenses have been incurred in building up the business, then this may be considered by the Commission as one of the elements under the head of 'Going Concern Value.' Further than this, we are of the opinion that the Commission should not attempt to calculate or segregate any specific theoretical value which attaches to the plant or system of the peti-

tioner, by reason of the fact that it is a going concern, but that this fact should be considered in estimating the value of the physical property and assets of the petitioner. In other words, the question as to the value of petitioner's property and investment should be treated, and viewed, by witnesses and by the Commission, in the light of the fact that the petitioner's plant and system are a going concern; that they are in actual, successful operation."

In *Boise Artesian Water Co. v. Public Utilities Com.,* 40 Ida. 690, 236 Pac. 535, recently decided, this court approved the rule stated in the Murray case. Nothing has been brought to our attention in this case that justifies a departure therefrom. The cases of *Des Moines Gas Co. v. Des Moines,* 238 U. S. 153, 35 Sup. Ct. 811, 59 L. ed. 1244, and *Denver v. Denver Union Water Co.,* 246 U. S. 178, 38 Sup. Ct. 278, 62 L. ed. 649, are also cited by appellant. As to going concern value, the latter of these decisions approves the rule stated in the former. In the Des Moines Gas Co. case, it is said:

"As pointed out in the Cedar Rapids Case, if return is to be regarded beyond that compensation which a public service corporation is entitled to earn upon the fair value of its property, the right to regulate is of no moment, and income to which the corporation is not entitled would become the basis of valuation in determining the rights of the public. When, as here, a long established and successful plant of this character is valued for rate-making purposes, and the value of the property fixed as the master certifies upon the basis of a plant in successful operation, the overhead charges have been allowed for the items and in the sums already stated, it cannot be said, in view of the facts in this case, that the element of going value has not been given the consideration it deserves, and the appellant's contention in this behalf is not sustained."

The foregoing pronouncement of the supreme court of the United States sustains the former decisions of this court on the subject of going concern value and justifies the decision of the Commission in this case. An order of the Public Utilities Commission, from which an appeal is

prosecuted, is presumed regular and valid, and in this court the burden is on the one who seeks to have the order set aside. The Commission is the judge of the facts and of the weight of the evidence. The statute has restricted the province of this court, in an appeal from an order of the Commission, to a determination of whether the Commission has regularly pursued its authority and whether the order in question violates any constitutional right of the appellant. It appears from the record before us that the Commission heard and determined all the evidence produced on the subject of going concern value, and that it did not err in refusing to make the allowances contended for by appellant; that it made allowances for overheads; and that in determining the fair value of the property of the utility, the Commission had in mind the fact that the utility is a successful and profitable concern, and so valued it. It is our conclusion that the Commission regularly pursued its authority and that no constitutional right of the company has been violated.

The order appealed from is affirmed. Costs to respondents.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.