In the Matter of the Appeal of Hamilton Pipe Line Company and Empire State Oil Company from a Decision of the Public Service Commission of the State of Wyoming.

HAMILTON PIPE LINE COMPANY and EMPIRE STATE OIL COMPANY, Appellants,

*Appellants.*

vs.

STANOLIND PIPE LINE COMPANY, Appellee,

*Respondents.*

(No. 2411; January 25th, 1949; 202 Pac. (2d) 184)

352

For appellants-appellants the cause was submitted on the brief and oral argument of John C. Pickett of Cheyenne, Wyoming.

For appellee-respondent the cause was submitted on the brief and oral arguments of Wilfrid O'Leary and Carleton A. Lathrop both of Cheyenne, Wyoming.

## OPINION

RINER, Chief Justice.

The Stanolind Pipe Line Company designated subsequently usually as the "applicant" on April 29, 1947 made an application to the Wyoming Public Service Commission, herein usually mentioned as the "Commission", seeking a certificate of public convenience and necessity to construct, operate, and maintain a pipe line for the transportation of oil from what is commonly known as the Hamilton Dome Oil Field to Hot Springs, Wyoming, together with a gathering system in said Field to connect with its main pipe line about twelve and a half miles northwest of that field.

The Commission ordered a hearing upon this application on May 20, 1947. Prior to and at this hearing protests against the granting of such a certificate to the applicant were presented to the Commission by Hamilton Pipe Line Company, Empire State Oil Company, Comet Refining Company, and Peters, Writer and Christensen, Inc. The protestant first named had a completed pipe line from the oil field aforesaid including a gathering system in the field; the protestant secondly named appears to own or have an interest

in the field acreage; the protestant thirdly named is a purchaser of crude oil produced in the field; and the protestant lastly named represented the holders of bonds issued by the Hamilton Pipe Line Company.

Evidence was presented by all these parties to the Commission during the course of the hearing mentioned above. After taking the matter under advisement, on July 30, 1947 findings were made by the Commission. It also made its order thereon directing the issuance of the certificate sought by the applicant on the same day the order was made. The certificate was accordingly issued as of that date, to-wit: July 30, 1947.

Thereafter and on October 17, 1947, the Hamilton Pipe Line Company and the Empire State Oil Company, two of the protestants above named, filed their "petition of appeal" with the Clerk of the District Court of Laramie County Wyoming. The grounds of this appeal were stated to be:

"A. That said decision is contrary to the evidence adduced at the hearing on said Application; and is not supported by substantial evidence.

"B. That said decision is contrary to law."

A certified copy of the record made before the Commission, including a transcript of the evidence presented to that body, was thereafter filed in the District Court, apparently on February 25, 1948. Coincident with the filing of the petition of appeal in the District Court a summons was issued by the Clerk of that Court requiring the applicant aforesaid to answer the "petition of appeal" within 30 days after service of the summons upon the applicant. October 17, 1947 service of copies of this summons and the "petition of appeal" was duly accepted by one of the attorneys for the applicant.

November 15, 1947 the applicant by its counsel filed in said Court its motion to dismiss the appeal thus undertaken, the grounds of the motion being stated to be:

"1. Appellants failed to exhaust their rights and remedies before the Public Service Commission of Wyoming, before appealing to this court.

"2. Appellants failed in their Petition of Appeal to assign all errors relied upon.

"3. Appellants have not taken their intended appeal in accordance with the law governing such matter."

On December 18, 1947 argument on this motion was heard by the District Court and on the following day the Court entered its order sustaining the motion and dismissing the appeal undertaken as above recited, the order reading as follows:

"The above matter coming on to be  heard this 18th day of December, 1947, upon the motion of the appellee, Stanolind Pipe Line Company, to dismiss the appeal herein filed by the appellants, Hamilton Pipe Line Company and Empire State Oil Company, and the Court having examined the files herein and having heard the arguments of counsels for the parties herein, and being now fully advised in the premises, it is hereby ordered, judged and decreed that said motion to dismiss be granted and the petition of appeal and the appeal be and are hereby dismissed.

"The appellants after the motion had been argued by both sides, and after the court had indicated its intention to dismiss the appeal, requested the court for permission to amend their petition of appeal, which request was denied by the court.

To all of which appellants excepted and except.

Dated this 19th day of December, 1947."

Notice that the appellants, Hamilton Pipe Line Company and Empire State Oil Company appealed from this order of dismissal to this court was duly served

on and acknowledged by one of the attorneys for the applicant and filed December 24, 1947. Specifications of error were in due course filed with the Clerk of the District Court of Laramie County March 5, 1948 and the entire record came here April 17, 1948. The cause has been briefed and argued and is now for disposition.

The statutory provisions of this state which must be kept in mind in passing upon the contentions of the parties are given below. Only so much of each section is quoted as is needful to properly understand these contentions. We have also supplied italics to emphasize especially pertinent language in these various sections.

Section 64-312 W. C. S. 1945 is couched in the following language:

*"Unless a different time is prescribed by the commission, every order of the commission shall be effective within thirty (30) days after the service thereof.* Straightway after the entry of record of any order of the commission, notice thereof shall be given to every party required to obey the order. At any time after the entry thereof the commission in the manner provided for the making thereof may alter, amend, annul or otherwise modify any order." ( Italics supplied).
Section 64-313 W. C. S. 1945 with the exception of the last sentence therein, which has no bearing upon the present controversy, reads:

"At any time after an order has been made by the commission any person interested therein *may apply for a rehearing* in respect to any matter determined therein and the commission shall grant and hold such rehearing if in its judgment sufficient reason therefor be made to appear, which rehearing shall be subject to such rules as the commission may prescribe. Applications for rehearing shall, as to the matter specified therein, stay the effect of any order or decision of the commission for thirty (30) days thereafter, or until the commission grants or denies said application." (Italics supplied).

Section 64-316 from the same statutory compilation, in its entirety is:

"All provisions of the laws of this state prescribing the duties and jurisdiction of the courts thereof shall apply to this Act (§§64-101—64-414), and in addition it shall be the duty of the district court of the county in which the commission has its principal office to entertain and determine all actions commenced under the provisions of this act, or of any order of the commission by mandamus, or by injunctions, or by any other appropriate remedy."

Section 64-318 of said compilation in unabbreviated form provides:

"Any party in interest or any person or party authorized under Section 94-117 Wyoming Revised Statutes, 1931 (§64-117), to file an original complaint before the Commission, being affected or claiming to be affected by any order, being dissatisfied with any order of the Commission shall have the right to appear as hereinafter provided. *The applicant may, within ninety (90) days after the rendition of the order of the commission, file a petition of appeal with the clerk of the district court of Laramie County. Such petition shall state completely the grounds upon which the review is sought and shall assign all errors relied upon,* and shall be accompanied by a copy of the record, including a transcript of the testimony and proceedings, certified by said commission. *The appellant shall furnish a copy of the petition to each person who is a party to the hearing before said commission. Summons shall be issued upon the petition, directing the adverse party or parties to file answer within thirty (30) days after the service thereof.* No new or additional evidence may be introduced in the district court except as to fraud or misconduct of some person engaged in the administration of the law affecting the order, but the court shall otherwise hear the case upon the certified record, including the transcript of the testimony and proceedings, and shall dispose of the case in a summary manner, its review being limited to determine whether or not: (1) the commission acted without or in excess of its powers; (2) the order was

procured by fraud; (3) the order is in conformity with law; (4) the finding of facts in issue was supported by any substantial evidence.

"The commission and each party or other person authorized by this Act (§§64-101—64-414) to appeal shall have the right to appear in such review proceedings. The court shall enter judgment confirming, modifying or setting aside the order, or in its discretion, remanding the case to the commission for proceedings in conformity with the direction of the court. *The provisions of the code of civil procedure shall apply to the proceedings upon such appeal to the district court so far as applicable and not in conflict with the foregoing provisions.*" (Italics supplied).

Section 64-319 W. C. S. 1945 in its entirely reads:

"Every proceeding, action or suit to set aside, vacate, alter or amend any determination or order of the commission, or to enjoin the enforcement thereof, or to prevent in any way such order or determination from becoming effective, shall be commenced, and every appeal to the courts or right of recourse to the courts shall be taken or exercised within ninety (90) days after the service of a copy of such order or determination on the public utility or public utilities party thereto, and the right to commence any such action, proceeding or suit or to take or exercise any such appeal or right of recourse to the courts shall terminate absolutely at the end of such ninety (90) days after such service; *provided, that if any application for rehearing is made the said ninety (90) days shall not terminate until ninety (90) days after said application for rehearing is denied, or in case said application is allowed then not until ninety (90) days after the date of service of any order made, or entered as the result of said rehearing.*" (Italics supplied.)

The brief provisions of the next two sections, 64-320 and 64-321 are:

"Section 64-320—Either party to said action may appeal to the court of last resort in the manner prescribed by law for appeals from the decisions of the particular court in which said action or suit was brought."

"Section 64-321—The provisions of the code of civil procedure of this state shall so far as applicable and not in conflict with the provisions of this Act (§§64-101—64-414), apply to all appellate proceedings held or had under the provisions hereof."

It will be observed that the statutory directions contained in the last sentence of Section 64-318 supra is more broadly reiterated in Section 64-321 supra.

The first contention of the applicant is that the appellants could not appeal from the order of the Commission until they had first made an application for a rehearing on the matter before the Commission in this case. Two decisions only are called to our attention on this point, viz., Consumers' Company Ltd. vs. Public Utility Commission of Idaho, 40 Ida. 772, 236 Pac. 732 and Consumers' Company Ltd. vs. Public Utility Commission of Idaho, 41 Ida. 498, 239 Pac. 730.

The statutes of the State of Idaho under which these cases were determined were Section 2503 Ida. Comp. St. 1919, the pertinent part of this section reading:

"After an order has been made by the commission, any corporation, public utility or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing if in its judgment sufficient reason therefor be made to appear. If a rehearing shall be granted, the same shall be determined by the commission within 30 days after the same shall be finally submitted."

and Chapter 72, Laws of Idaho, 1921, Section 1 which provided:

"Within 30 days *after* the application for a rehearing is denied, or, if the application is granted, then within 30 days *after* the rendition of the decision on rehearing, any party aggrieved may appeal to the supreme court from any order of the public utilities commission for the purpose of having the lawfulness of such

order inquired into and determined." (Italics supplied.)

The difference between these statutory terms and those appearing in the law of Wyoming relative to similar proceedings and quoted above is easily seen. The Idaho Supreme Court very properly, therefore, stated in the first case above mentioned:

"A party is required to ask for a rehearing before taking an appeal, and may ask for a rehearing of the cause in its entirety or of only one or more of the matters determined in the original order."

Again as we have seen, the Wyoming law providing for a rehearing before the Commission (64-313) declares that after the Commission has made its order "any person interested therein *may apply for a rehearing* in response to any matter determined therein." The statute does not say "must apply". In brief, the statute is permissive, not mandatory. In State vs. Machovec, 236 Iowa 377, 17 N. W. 2d 843, the court says:

"As a general rule, the word 'may' when used in a statute is permissive only and operates to confer discretion. Although it is sometimes given the meaning of 'shall' or 'must' such meaning will not be ascribed to it unless it is necessary to give effect to the clear policy and intention of the legislature. State v. Iowa State Board of Health, 233 Iowa 872, 10 N. W. 2d 561; Bechtel v. Board of Supervisors, 217 Iowa 251, 251 N. W. 633; 50 Am. Jur. 53."

There is nothing in the Wyoming law on this point which indicates it was the "clear policy and intention of the legislature" that a rehearing must be sought before an appeal to the district court is taken by a party dissatisfied with an order of the Commission. Ae we read the law the reverse is true. So the Supreme Judicial Court of Massachusetts after referring to some exceptions to the rule which do not here apply

remarks in Brennan vs. Board of Election Commissioners of the City of Boston, 310 Mass. 784, 39 N. E. 2d 636:

"Nevertheless it remains true that 'may' is not an apt word to express a positive mandate. It is a word of permission and not of command. It should be construed, if possible, in accordance with its true signification."

See also Rankin vs. Rankin, 322 Ill. App. 90, 54 N. E. 2d 58.

It is suggested on behalf of applicant that a "party must exhaust all of his remedies before an inferior court or tribunal" before invoking the powers of an appellate court. But under Section 64-312 supra, the order of the Commission ordinarily does not take effect until thirty days after the service thereof unless otherwise provided by the Commission. In the case at bar the Commission, it will be recalled, directed the certificate of convenience and necessity to issue immediately upon the order of the Commission being made. Obviously, the statute concerning rehearing being permissive, the appellants could very readily have concluded that the only course left open for them was an appeal to the courts and that to file a petition for rehearing would result merely in time wasted.

The contentions mentioned above and thus advanced cannot be properly sustained.

It is next objected that all of the parties involved as protestants in the matter before the commission should have been brought before the District Court when the appeal brought the record there. To this objection there are several answers: First, the applicant's motion to dismiss the appeal makes no mention whatsoever of any such ground and so far as we can determine, the point was not presented to the District Court. Secondly, Section 64-318 directs that "the ap-

pellant shall furnish a copy of the petition to each person who is a party to the hearing before said commission". It is not claimed that this was not done. Consequently the other parties not appealing had ample notice of the proceedings before the District Court being initiated and would be bound by the result thereof. Especially is this so, when we find from an examination of the record that counsel for the appellants were also counsel for the non-appealing parties before the commission. See also Wyoming Hereford Ranch vs. Hammond Packing Co., 31 Wyo. 31, 222 Pac. 1027.

This objection also is without merit.

The final contention of the applicant is that appellants "failed in their petition of appeal to assign all errors relied upon." The appellants tell us in their brief and also on oral argument that they:

"have no desire to present any other errors of the Commission other than those set forth in the petition. Upon a hearing before the district court, had the Appellants attempted to rely upon any other errors than those set forth in the petition, the court would not have permitted it under the provisions of the statute."

The grounds of appeal set out in appellants' petition of appeal are as stated above. They are substantially the same as the matters which Section 64-318 supra expressly authorizes the District Court to determine. We recall that Section 64-318 concludes the first paragraph thereof by stating that the District Court is limited ordinarily in its review to four points, the first two of which are that the Commission acted in excess of its powers and that its order was procured by fraud. These points are not raised in the matter now at bar. The third point to be determined by the District Court is whether the order is "in conformity with law" and whether the issuable facts found were "supported by substantial evidence."

It is urged that Section 64-318 requires an answer to be filed on the part of the applicant in response to the direction contained in the summons issued and that it could not answer the grounds of the petition as filed. We fail to see why this is so. In some few states a joinder in error is or has been required after the old English practice and in Tri-City Gas Company vs. Britton, 160 So. (Ala.) 896, we find this said:

"Under general rules of procedure in appellate courts, the appellee interposes a plea to the assignments of error by appellant. The common plea, or joinder in error, in the nature of the general issue, is 'nullo est erratum'—'there is no error in the record.' 3 C. J. page 1400, § 1554.

"This is declared a sufficient joinder in error by our Supreme Court Rule No. 11."

So in Lippitt vs. Bidwell, 87 Conn. 608, 89 Atl. 347 the Supreme Court of Errors of Connecticut says:

"As the matter has been fully argued orally and in the briefs, it may properly be disposed of as if a plea of nothing erroneous had been filed."

And in Tidd's Pr. 1173 this is stated:

"To an assignment of errors, the defendant may plead or demur. Pleas in error are common or special: The *common* plea, or *joinder,* as it is frequently called, is *in nullo est erratum;* (f) or that there is no error in the record or proceedings; which is in the nature of a demurrer, and at once refers the matter of law arising thereon, to the judgment of the court."

We apprehend that the framers of the statute (Section 64-318 supra) in requiring a summons to be issued directing an answer to be filed within thirty days after service, had in mind more particularly the first two points mentioned above which the District Court was authorized to determine upon an appeal taken from the Commission, viz., whether the Commission was acting without or in excess of its powers or

whether the order was procured by fraud. When those matters are involved, the petition of appeal may well be in such form as to require an answer to explain or deny the facts pleaded. But as already stated those matters are not now brought into the instant case.

In this connection we note that in applicant's brief it is urged:

"The District Court should not be required to search a lengthy transcript of testimony containing 327 typewritten pages of evidence to ascertain if every finding of the Commission is supported by substantial evidence, especially when that court has not originally heard the evidence and knows nothing about the facts of the case."

Under the provisions of the code of civil procedure and the practice in this court of many years standing, we find ourselves met with assignments of error no more specific than are found in the petition of appeal in the matter at bar and also with far more voluminous transcripts than the one filed in this case. Yet we are required to, and do, with the able assistance of counsel, through briefs and oral arguments, examine and dispose of the errors thus asserted. Radalj vs. Union Savings and Loan Association, 59 Wyo. 140, 138 Pac. 2d 984. Many other cases to the same effect could be cited. The District Court has always the same aids to clarify and determine properly the problems arising upon all records and transcripts of this character.

We must not forget the mandate of Section 64-321 supra which is not quite so broadly stated in Section 64-318. Since the statute has repeated the command it may not be amiss for us to again set it forth for the sake of emphasis, thus:

"The provisions of the code of civil procedure of this state shall so far as applicable and not in conflict with the provisions of this Act (§§64-101—64-414), apply

to all appellate proceedings held or had under the provisions hereof."

Applicant herein seems to have overlooked the inclusive provisions of the section just quoted and the consequences flowing therefrom.

The grounds of the petition of appeal of appellants are, we think, quite sufficient to require the District Court to dispose of this case on its merits as to the points raised by that pleading. It is our view, also, that that should be done. Unless clearly indicated otherwise by statute—and we do not see that such indication appears in the law before us—why the grounds for appeal to the District Court from the commission should be more specific than those required in order to obtain a due review in this court of district court records generally, and this record in particular, is rather difficult to perceive.

The order of the District Court of Laramie County dismissing the appeal from the Commission in the case at bar is accordingly reversed and the case remanded for further proceedings not inconsistent with the views hereinabove expressed.

*Reversed.*

KIMBALL, J. and BLUME, J. concur.