**Richard C. DIEFENDERFER, Appellant (Plaintiff below),**

v.

**Bertel BUDD et al., Appellees (Defendants below).**

**No. 4644.**

Supreme Court of Wyoming.

April 27, 1977.

---

1356 ▪

Ted O. Simola, Cheyenne, for appellant.

John J. Rooney, Cheyenne, for appellees Members of Laramie County School Dist. No. 1.

No appearance for appellee Bertel Budd.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

On March 18, 1974, Appellant Diefenderfer applied for a transfer to Carey Junior High School as a physical education instructor. On March 25, 1974, Appellee Budd applied for a transfer to Carey Junior High School or to any full-time physical education position in the school district. At the time of their applications, both were employed as elementary school physical education teachers by Laramie County School District No. 1. Diefenderfer's request was approved by the principal of Carey Junior High and the Director of Personnel of the School District and he was assigned to Carey. Budd's request was also approved, but he was assigned to a "cluster" position, there being no other similar position available at this time.

After being advised why Diefenderfer had been selected for the Carey position, Budd filed a grievance under Article IV of the "Agreement Between the Board of Trustees of Laramie County School District Number One and the Cheyenne Teachers Education Association," hereinafter referred to as the "Agreement,"[1] alleging a

---

1. Article IV, Section 4, of the Agreement provides:

"Section 4. Stages of Grievance Procedures
   "A. Level I
   1. The aggrieved party will notify in writing his supervisor of his grievance in sufficient detail so that the problem can be understood. This document will constitute the complaint of grievance for subsequent stages subject to written amendment or supplement.

2. The supervisor will schedule a meeting within ten (10) days for discussion of the grievance. If the grievance involves other District employees who may be parties in interest, notice will be given such person or persons and an opportunity afforded to be present at all sessions concerning the grievance. All participants shall have the right to freely express their opinions in an effort to resolve the matter informally to the satisfaction of everyone.

violation of the Agreement's transfer provisions.[2] As a result of the grievance, Budd

was assigned to the Carey position, whereupon Diefenderfer filed a grievance at the

3. If requested before the meeting has been concluded by any party in interest, a written decision will be made and filed within five (5) days by the supervisor.

"B. Level II

1. An appeal from the supervisor's decision may be taken by any party in interest within ten (10) school days after the date of filing of the decision, by filing an appropriate notice.

2. Within six (6) days after filing, a meeting will be held by the Superintendent, if available, or in his absence, his designated representative, with forty-eight (48) hours [sic] notice of the time, date and place afforded all parties in interest.

3. A written decision will be made and filed within ten (10) days after conclusion of the meeting.

"C. Level III

1. An appeal by any party in interest for a hearing before the Board of Trustees may be taken by filing a written notice within ten (10) days after the entry of the Superintendent's decision.

2. Within ten (10) days thereafter the Board shall: a) conduct an informal hearing in executive session, upon written request of all the parties to the grievance, or b) conduct a formal hearing in accordance with the provisions of the Wyoming Administrative Procedures [sic] Act and Rules of Practice adopted by the Board.

3. Within ten (10) days thereafter, the Board will schedule the formal hearing of the grievance, with notice of the time, date and place thereof having been furnished the aggrieved person, other parties of interest, representatives or attorneys of record and the Negotiating Unit not less than five (5) days before the scheduled hearing date.

4. The decision of the Board will be made and filed within ten (10) days after the date of conclusion of the hearing.

"D. Level IV

1. Subsequent to the time that an appeal can be taken to the District Court of this state under the provisions of the Wyoming Administrative Procedures [sic] Act or any other law, but within forty (40) days after the date that the Board's decision is filed, the aggrieved party or any other party in interest, by written request filed with the office of the Superintendent of Schools, shall be entitled to a reevaluation of the decision of the Board by a fact-finding team.

2. The fact-finding team shall consist of one representative appointed by the aggrieved party and one representative appointed by the Board. The two shall be appointed within five days after the demand is filed; and the two shall meet to agree upon a third member of the team who shall act as a chairman. If the two cannot agree upon a third within forty-eight (48) hours, they shall alternately strike names from a list of five unbiased

persons presented by agreement of the Wyoming School Boards Association and the Wyoming Education Association until one name is left who shall act as the third member of the team and the chairman.

3. The fact-finding team will hold hearings and have the authority to make procedural rules therefor. The report of the fact-finding team will be in writing and appropriately filed and will include findings of fact, conclusion of law and recommendations to resolve the grievance."

2. Article V, Section 7, of the Agreement provides:

"Section 7. Transfer Policy

"The Director of Personnel shall have posted monthly in all buildings, beginning by October 1 of each year, a current list of vacancies showing both the position and the building involved. Currently employed teachers within the District shall be given priority in filling these vacancies.

"Any staff member may initiate a request for transfer by submitting it in duplicate to the director of personnel through his principal or other immediate supervisor. Requests may be initiated at any time, but those made after March 1 cannot always be assured of consideration for the following school year. Unfulfilled requests must be renewed annually to remain in effect.

"When a vacancy occurs during a school term, a temporary replacement shall be elected for the remainder of the school term; and a permanent appointment shall be made, after posting of the vacancy, to commence at the beginning of the following school term.

"The director of personnel shall promptly acknowledge each request for transfer, [sic]

"In considering a request for transfer, the interviewing principal or other interviewing supervisor should be guided by these factors:

"a. Educational qualifications in subject area.

"b. Experience in subject area.

"c. Seniority in District.

"d. Prior evaluations of the teacher's performance.

"In the event two or more people request transfer to the same position, these factors will be among the criteria for selection.

"If the transfer cannot be made, the requesting staff member shall receive a written explanation of the decision from the interviewing principal or supervisor. The ultimate decision may rest with the Superintendent or his designee.

"Denial of transfer request will not be based on race, creed, sex, marital status, or organizational affiliation.

"Each transfer, along with the duty assignment, will be confirmed in writing by the

"Level II" stage. During this phase, the Superintendent of Schools determined that the position should be awarded to Diefenderfer, whereupon Budd filed a grievance at the "Level III" stage. A formal hearing was held before the Board of Trustees, under the terms of the Agreement and the Wyoming Administrative Procedure Act, pursuant to a stipulation of the parties. On December 5, 1974, the School Board ordered that Budd be assigned to the Carey position.

On January 3, 1975, Diefenderfer filed a notice of appeal and petition for review, pursuant to § 9–276.32(a), W.S.1957, 1975 Cum.Supp., to the First Judicial District Court. Although not named a party, the Board of Trustees filed a motion to dismiss the petition for lack of jurisdiction over the subject matter, arguing that the Wyoming Administrative Procedure Act was not applicable to decisions pertaining to transfers of school personnel. After joining the Board members in their official capacities as defendants in the action, the district court denied the Board's motion to dismiss. On December 5, 1975, the district court affirmed the Board's decision to assign Budd to the Carey position.

We will affirm the decision of the district court.

Appellant asserts five bases for the reversal of the district court's judgment, as follows:

"I.    The procedure for *voluntary transfers* of teachers in School District No. 1 is governed by Section 7 of Article V of the Agreement between the Association and the Board.

"II.   The Board does not have the authority to determine contractual rights particularly where the con-

director of personnel as soon as the assignment is made.

"The director of personnel shall disallow any transfer made in violation of the provisions of this regulation."

tract involved is one in which the Board is a party.

"III.  The Board acted without or in excess of it's powers in conducting the grievance hearing in the herein matter because the Board did not have jurisdiction over either parties [sic] or the subject matter herein.

"IV.   The Board should not have been permitted to intervene in the herein action at the District Court level since it was the deciding agency in the original proceeding and it failed to follow the procedures of the Wyoming Rules of Civil Procedure for intervention.

"V.    The Board's order of December 5, 1974, should be reversed because it is not in conformity with law requiring action by the Board to be by a majority of the elected members of the Board."

Appellant's contentions can be reduced to the following three issues: (1) Does the Board have the power to overrule decisions of the Superintendent of Schools with respect to the transfer of teachers? (2) Does the matter of teacher transfers fall within the provisions of the Wyoming Administrative Procedure Act? (3) Did the district court err in joining the Board as a party? We find that the answer to the second issue provides the foundation for disposition of this appeal.

Appellant argues that the subject matter of this appeal was a "contested case," as defined in § 9–276.19(b)(2), W.S.1957, 1975 Cum.Supp.:

"...  a proceeding ... in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."

To the same effect is § 4115.2 of the Personnel Policies, Laramie County School District No. 1.

Conversely, appellant asserts the subject matter was *not* a "grievance," as defined in the Agreement:

"A 'grievance' is an assertion by an aggrieved party that there has been violation, misinterpretation or inequitable application of this agreement or of any provision of Board policy, regulation or procedure *except the term 'grievance' shall not apply to any matter defined as a contested case under the Wyoming Administrative Procedures [sic] Act.*" [Emphasis supplied]

As a result of appellant's characterization of this matter as a "contested matter," he contends that the Agreement's grievance procedure should not have been used to dispose of this transfer dispute. The extension of appellant's argument is that the Board had no jurisdiction to consider appellee's grievance, and that the Superintendent's decision to grant the position to appellant was binding.

On the other hand, the appellee-Board argues that the subject matter of this appeal was a "grievance," not a "contested case" (as defined by § 9–276.19(b)(2), supra), and, therefore, the Board appropriately considered the matter but that its decision was not thereafter subject to judicial review. The Board's position, which would deny judicial review, arises from the language of § 9–276.32(a), supra, which provides in pertinent part that,

"[s]ubject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact *by a final decision of an agency in a contested case, or by other agency action or inaction,* . . is entitled to judicial review in the district court . . . ."[3] [Emphasis supplied]

**3.** To the same effect is Rule 72.1(a), W.R.C.P., which provides as follows:

"To the extent that judicial review of administrative action by a district court is available, any person who is aggrieved or adversely affected in fact by a final decision of an

The Board asserts that if the matter is not a "contested case," then its decision could not be appealed to the district court under the provisions of § 9–276.32(a), supra.

This court has previously had opportunity to construe the meaning of a "contested case." *Scarlett v. Town Council, Town of Jackson, Teton County,* Wyo., 463 P.2d 26, 29 (1969); *Thornley v. Wyoming Highway Dept., Motor Vehicle Division,* Wyo., 478 P.2d 600, 603 (1971); *Lund v. Schrader,* Wyo., 492 P.2d 202, 209–210 (1971); and *Firemen's Pension Fund v. Hoy,* Wyo., 516 P.2d 365, 366–367 (1973). Each of these cases dealt with the question of whether or not there was a "contested case," requiring notice and hearing at the agency level. To be a "contested case" there must exist legal rights which, under the law, are to be determined after an opportunity for a trial-type hearing. *Scarlett v. Town Council,* supra.

We can find no statute which provides that a teacher is entitled to a hearing on a decision to deny his application for a voluntary transfer. Nor do we find any authority for appellant's assertion that such a transfer is a "legal right." As a result, the subject matter of this appeal was not a "contested case" requiring notice and hearing by virtue of the Wyoming Administrative Procedure Act. It was a "grievance" as defined in the Agreement between the Board and the teachers' association, since it dealt with the "violation, misinterpretation or inequitable application of [the] agreement or of any provision of Board policy," to-wit: the application of provisions dealing with voluntary transfers. Clearly, then, by the terms of the Agreement itself, Appellee Budd had the right to present his complaint to the Board, and the Board had the right to hear it.

Our inquiry, however, is not complete since the characterization of a matter

agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by an agency, may obtain such review as provided in this rule."

as a "grievance," rather than a "contested case," does not necessarily preclude entitlement to judicial review in a district court. We held, in *Thornley v. Wyoming Highway Department,* supra, that

> "Section 9–276.32(a), W.S.1957, 1969 Cum. Supp., a part of our administrative procedure act, makes it clear that any person aggrieved by the final decision of an agency in a contested case '*or by other agency action*' shall be entitled to judicial review in a district court. . . ."
> Ibid., 603. [Emphasis supplied]

Even though there was a statute which otherwise guaranteed the right of judicial review therein[4], the "other agency action" language of § 9–276.32(a), supra, alone authorized judicial review. To the same effect is *Johnson v. Schrader,* Wyo., 502 P.2d 371, 375–376 (1972), reh. den. 507 P.2d 814. We have before us a similar situation. Appellant felt himself aggrieved by the Board's final decision of December 5, 1974. Therefore, whether this was a contested case or not, he was entitled to judicial review in the district court.

■ Having determined that jurisdiction was present at all levels in this appeal, we turn to the question of the Board's power with respect to voluntary transfers. Article V, Section 7, of the Agreement in question provides:

> ". . . The ultimate decision [with respect to voluntary transfers] *may* rest with the Superintendent or his designee." [Emphasis supplied]

On the other hand, Article IV, Section 4(c), of the Agreement provides that an appeal from the Superintendent's decision on a grievance may be taken before the Board of Trustees. Clearly, then, the framers must have intended that the word "may" in the transfer provisions be taken in its usual, permissive sense. *Mayor v. Board of Land Commissioners,* 64 Wyo., 409, 192 P.2d 403–411 (1948), reh. den. 64 Wyo. 409, 195 P.2d 752; and *Hamilton Pipe Line Co. v. Stanolind Pipe Line Co.,* 65 Wyo. 350, 202 P.2d 184, 188 (1949). Furthermore, if we adopted appellant's contention that the Board

had delegated away its authority over teacher transfers, we would then be forced to declare that portion of the Agreement invalid. The Board is charged by law to be the governing body of a school district. § 21.1–21, W.S.1957, 1975 Cum.Supp. As such, it must "prescribe and enforce rules, regulations, and policies for its own government and for the government of the schools under its jurisdiction." § 21.1–26(a), W.S. 1957, 1975 Cum.Supp. In addition, the Board employs the superintendent and determines his salary. § 21.1–27(f), W.S.1957, 1975 Cum.Supp. Any agreement which controls or restricts the free exercise of discretion so vested would be illegal. 63 Am.Jur.2d, Public Officers and Employees, § 309, at 814.

■ Appellant further asserts that the Board's decision was not in conformity with law since it does not reflect the vote of the individual members of the Board. Although § 21.1–21, supra, requires that for an action to be valid it shall receive approval by a majority of the Board members, there is no requirement that this vote be reflected. Appellant cites no authority for his proposition nor does he make a cogent argument, thus the contention merits no further consideration. *Joly v. Safeway Stores, Inc.,* Wyo., 502 P.2d 362 (1972); and *Clouser v. Spaniol Ford, Inc.,* Wyo., 522 P.2d 1360 (1974).

■ Finally, appellant argues that the district court erred in permitting the intervention of the Board as a party. Having determined that this appeal was properly pursued under the Wyoming Administrative Procedure Act, it follows that the agency whose decision is being reviewed is a proper party to the appeal. Rule 19(a), W.R.C.P.; § 9–276.19(b)(5), W.S.1957, 1975 Cum.Supp.; and Rule 72.1(b), W.R.C.P.

Affirmed.

---

4. Section 31–279(B), W.S.1957, C.1967.