John G. BRUEGMAN, Appellant
(Contestee below),

v.

JOHNSON RANCHES, INC., Appellee
(Contestant below).

Jack LOOMIS, Appellant
(Contestee below),

v.

JOHNSON RANCHES, INC., Appellee
(Contestant below).

Nos. 4265 and 4266.

Supreme Court of Wyoming.

April 1, 1974.

W. H. Vines, Jones, Jones, Vines & Hunkins, Wheatland, for appellants.

D. N. Sherard, Wheatland, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

Appellee, Johnson Ranches, Inc., filed petitions for declarations of abandonment of certain water rights of appellants Bruegman and Loomis based upon the grounds of nonuse.[1] Appellants have each appealed from the respective judgments of the district court which affirmed orders of the State Board of Control granting appellee's petitions for abandonment.[2]

The appellants' predecessors acquired the lands to which the water rights applied through operation of an Act of Congress commonly known as the Carey Act. The Federal Act granted an additional one million acres, described as desert lands, to the State of Wyoming provided they were reclaimed (irrigated). In §§ 36–83 through 36–123, W.S.1957, the State accepted the conditions of the Carey Act and provided for its implementation. Pursuant to the statutes the State entered into a contract with the North Laramie Land Company, appellee's predecessor, whereby the Company agreed to construct a system for the irrigation of its own lands together with those lands segregated under the Carey Act and presently owned by appellants. It constructed a rather large complex of irrigation facilities consisting of reservoirs and canals. The appellants' predecessors entered into a contract with the North Laramie Land Company under which they were to acquire the means to irrigate their lands, together with an interest in all dams and irrigation works. They concurrently made application to the State Board of Control for a permit to appropriate water. The lands were reclaimed and patents were issued by the United States to the State of Wyoming which in turn issued patents to the settlers, who were the appellants' predecessors.

The appellants contended that the Board of Control acted in excess of its powers and its decisions were not in conformity with law in that, as an administrative agency, it could not terminate a contract right to water.

The appellants conceded there was substantial proof they had not beneficially applied water to their lands during the statutory five-year period required for abandonment, and they did not contend that the Board's decisions were procured by fraud or that its actions were arbitrary, capricious or characterized by abuse of discretion. Their sole argument was that the Board had no power to determine the abandonment issue because the water rights in question arose through a contract.

■ They would have us hold that these water rights are somehow different from other water rights because the lands to which they applied were acquired through the Carey Act. While the lands were acquired under the distinct provisions of the Act, the water rights in question were obtained in the usual fashion and are no different from any other water right. The Carey Act Lands statutes provided that the application for a permit to appropriate water should be prepared in conformity with the usual statutory provisions, § 36–96, W.S.1957, and provided that water rights to all lands acquired under the provisions of the Carey Act Lands statutes attached to and became appurtenant to the land as soon as title passed from the United States to the State, § 36–114, W.S.1957. The Wyoming Constitution, Art. 8, § 1, provides that the water of all natural streams, springs, lakes or other collections of still water within the State are the property of the State. The waters in question are from sources within these constitutional

---

1. These proceedings were commenced before the State Board of Control on April 23, 1970 under the applicable abandonment statutes then in effect, which were §§ 41–47 to 41–53, W.S.1957. These sections were repealed and replaced by §§ 41–47.1 and 41–47.2, W.S.1957, 1973 Cum.Supp.

2. Following the entry of the orders of the State Board of Control the appellants filed petitions for review in the district court as provided in the Wyoming Administrative Procedure Act, § 9–276.32, W.S.1957, 1973 Cum. Supp.

classifications and are therefore subject to appropriation and, likewise, abandonment.

On June 16, 1969 the appellee entered into an agreement with the State of Wyoming, Wyoming Game and Fish Commission, to sell to the State the North Laramie Land Company No. 3 reservoir. The appellants contended that under the terms of the agreement entered into between their predecessors and the North Laramie Land Company, predecessor to appellee, they acquired an interest in the North Laramie Land Company reservoir which the appellee sold to the State; that they should recover their proportionate share of the monies received from the sale; and that the trial court committed reversible error in not permitting them to pursue this question upon review as provided in Rule 72.-1(c), W.R.C.P.. Rule 72.1 implements § 9–276.32, of the Wyoming Administrative Procedure Act by adopting procedures for judicial review of administrative actions.

■ Although Rule 72.1(i) confines the review by the district court to the issues raised before the agency, Rule 72.1(c) provides that certain remedies are available on petition for review as well as by independent action. However, issues beyond those raised before the agency must be germane to the proceedings had before the administrative agency to be considered on a petition for review. Rolfes v. State ex rel. Burt, Wyo., 464 P.2d 531 at 533. Here the question of appellants' ownership in the reservoir was not germane to the abandonment issue because property rights in water are separate and distinct from property rights in reservoirs, ditches or canals. State of Nebraska v. Wyoming, 325 U.S. 589, 65 S.Ct. 1332 at 1349, 89 L.Ed. 1815.

■ The Board had no authority to determine the contract rights between the appellants and the appellee. Bamforth v. Ihmsen, 28 Wyo. 282, 204 P. 345 at 357.

It recognized this limitation as evidenced by the findings of fact in one of the orders wherein it stated that it did not have jurisdiction to consider contractual matters. The Board did not and could not consider the question of appellants' rights to ownership of the reservoir under the contract, and since it was not germane to the issue before the Board, the trial court was correct in denying appellants' request for a determination of the question on review. Because appellants may pursue those remedies set forth in Rule 72.1(c) by independent action as well as by petition for review they are not prejudiced by the trial court's refusal to permit the issue to be raised upon review. Under such circumstances the trial court, which is charged with the task of conducting orderly proceedings, has wide discretion in determining what additional remedies may be pursued upon review.

■ The appellants voiced concern that an adverse determination of the abandonment question would somehow affect whatever property rights to the irrigation works they may have acquired under their contract. In the absence of any statutory or contract provisions to the contrary, any rights of appellants remained unaffected by the abandonment orders and they are free to pursue whatever causes, if any, they may have by independent action.

The appellants made brief mention of enforced nonuser and abandonment proceedings by a cotenant. They made no reference to the record and cited no authority for these contentions. We do not find that the questions were pursued before the administrative agency or the district court, and neither does the record disclose any substance to these contentions, and we therefore find the arguments to be without merit.

Affirmed.