## Allan N. Lashner, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Department of Highways, Appellee.

Argued December 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Erwin Lodge,* for appellant.

*Edward A. Hosey,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 3, 1975:

On August 10, 1967, Allan N. Lashner, Inc. (Lashner) filed with the Board of Arbitration of Claims (Board) a statement of claims against the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) alleging that certain machinery and equipment sold by the Commonwealth at public auction were salvage

items to which it was entitled under a demolition contract entered into by Lashner and the Commonwealth on May 24, 1966. By its terms, Lashner was to obtain title to all machinery and equipment located within the portion of the condemned right-of-way under the contract. The Commonwealth stipulated to Lashner's right to certain machinery which had been sold for $3,800.00, but contested its claim to a Harris Guillotine shear contending that it had been located outside of the right-of-way on a landlocked portion retained by the condemnee, S. D. Richman Sons, Inc. (Richman). Richman repurchased the shear at the auction for $10,000.00. Lashner forcefully argues that this shear was the "metal cutter" specified in Item 98 of its contract.

In its initial decision, the Board held that it had no jurisdiction over the claim under Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-6, (hereinafter "Act of 1937"), because Lashner's cause of action accrued on the date of the auction and the claim, having been filed more than six months later, had expired. In the alternative, the Board found as a fact that the shear "was situate outside the right-of-way," and hence outside the terms of the demolition contract. This Court, in *Allen N. Lashner, Inc. v. Commonwealth,* 1 Pa. Commonwealth Ct. 486, 275 A.2d 403 (1971), reversed the Board on the jurisdictional issue. Then going to the merits, we remanded the claim to the Board to allow Lashner to continue its cross-examination of Benjamin Richman, an officer of Richman, in order to resolve the apparent inconsistency between the Commonwealth's contention that the shear was not within the condemned right-of-way and the necessity for Richman to repurchase the shear at public auction after the condemnation. The Board complied with this procedendo on remand, and again found the shear to be located outside of the right-of-way. Lashner's disappointment with that ruling brings it again on appeal to this Court.

The narrow issue presented for our review is whether there is substantial evidence to support finding of fact No. 11 of the Board that "[t]he Harris Guillotine shear was located within the landlocked area and not within the demolition site." If there is supportive evidence, the Board's finding is conclusive. Section 8 (c) of the Act of 1937, 72 P.S. §4651-8 (c). "Substantial evidence," in this context, is such "relevant evidence acceptable by a reasonable mind as adequate to support a conclusion." *Appel Media, Inc. v. Clarion State College,* —— Pa. Commonwealth Ct. ——, 327 A.2d 420, 422 (1974). *See also Penn Jersey Contractors, Inc. v. The General State Authority,* 12 Pa. Commonwealth Ct. 203, 315 A.2d 920 (1974).

Benjamin Richman was the only witness called at the first hearing by the Commonwealth to establish the location of the shear at the time the demolition contract was executed. He testified that the shear was within the landlocked area retained by his company after the condemnation at a site marked "shed" on the Commonwealth's official right-of-way plans. On remand again he located the shear using as his reference document the plan of the Board of Viewers. On cross-examination, Lashner's counsel asked his reason for purchasing the shear at auction if its location was outside the perimeters of the condemned property. He replied: "Why did we have to buy it back? We bought it back because it was my understanding with our attorneys that it was included in the condemnation. Therefore, we no longer owned the machine." The Commonwealth's eminent domain section attorney, in corroboration, testified that Richman had received a lump settlement of $1,200,000.00 for all real property, machinery and equipment taken, and that a Harris Guillotine shear was among the listed saleable machinery. Although the shear was physically located on the landlocked portion retained by the condemnee, compensation for it was allowed under the Assembled Industrial Plant Doctrine. *See Singer v. Oil City Redevelop-*

*ment Authority*, 437 Pa. 55, 261 A.2d 594 (1970). Lashner, in turn, testified unequivocally that the shear was really the "metal cutter" specified in Item 98 of the demolition contract at location 47/93 within the right-of-way. The Board, however, accepted Benjamin Richman's testimony. While we might have in this maze of conflicts elected to accept Lashner's version, credibility and the weight of the evidence is within the exclusive domain of the Board provided that such evidence is competent and substantive. Our careful review leads us to the conclusion that this evidence accepted by the Board was adequate to allow a reasonable mind to reach the conclusion made by the Board.

The Board's order is affirmed.