Dougherty & Mitchell, Inc., Petitioner *v*. Commonwealth of Pennsylvania, State Public School Building Authority, Respondent.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

G. *Robert Moore,* with him *Robert W. Doty,* and *Eckert, Seamans, Cherin & Mellott,* for petitioner.

*James R. Clippinger,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, October 1, 1979:

This is an appeal by Dougherty & Mitchell, Inc. (appellant) from a decision by the Board of Arbitration of Claims (Board) denying the appellant's claim to recover costs incurred in performing a contract for the State Public School Building Authority (Authority).

The Authority advertised for bids for the construction of a vocational technical school for the Mercer County Area School District. All interested bidders, including the appellant, were furnished complete sets of plans and specifications which contained descriptive names with regard to certain major equipment components of several items of equipment produced by certain manufacturers. The appellant was awarded the contract for the performance of the heating, ventilating and air-condition work, and pursuant to the conditions in the contract, submitted a list of its

manufacturing sources of material and of subcontractors to be used in the performance of the project. The project architect and the Director of the Authority's Bureau of Construction rejected seven of the fifty-three items of equipment noted in the appellant's list on the basis that they did not satisfactorily comply with the contract specifications. Several months of negotiations followed but the Authority finally held that the proposed items were unacceptable. Subsequently, in the course of inspecting the project, the architect discovered that certain in-line strainers had not been installed by the appellant and that the omission was causing a malfunction of the heating/ventilating system, although the plans had required the appellant to install such strainers. The Director of the Authority's Bureau of Construction therefore directed the appellant to install fourteen in-line strainers. Thereupon the appellant filed a complaint against the Authority seeking recovery of $64,200 of additional costs it had incurred (1) for the refusal of the Authority to allow its proposed equipment substitutions, (2) for the Authority's requirement of the additional work of installing fourteen strainers and (3) for the withholding of payment by the Authority. The Board denied the claim and the appellant has appealed as to the disallowance of the equipment substitutions.

Our scope of review as provided in the Arbitration Act[1] (Act) is limited to a determination as to whether or not the Board's findings of fact are supported by substantial evidence and whether or not the order is in accordance with the law. *Allan N. Lashner, Inc. v. Department of Highways*, 17 Pa. Commonwealth Ct. 217, 331 A.2d 250 (1975).

The appellant argues that the refusal of the Authority to allow the proposed equipment substitutions

[1] Section 8(c) of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-8(c).

was arbitrary and capricious and in violation of the "Or Equal" clause in the contract. The appellant also objects that the Board's decision that the proposed equipment substitutions were not functionally equivalent to the equipment named in the contract specifications was not supported by substantial evidence.

The "Or Equal" clause of the contract, which is material to the resolution of these issues, provides that the substituted equipment must, in the opinion of the Authority, be of equal substance, appearance and function to that originally required. The determination as to whether or not the equipment at issue was equal to that set forth in the contract, therefore, was a factual issue to be determined by the Board and the Board held that it was not. And, if there was supportive evidence of the Board's factual findings, we must affirm. *Allan N. Lashner, Inc. v. Department of Highways, supra*; Section 8(c) of the Act, 72 P.S. §4651-8(c).

We have carefully examined the evidence which was presented before the Board concerning why the disputed items were unacceptable and we need not repeat at length the detailed testimony of the design mechanical engineers or of the project architect in this regard, nor the evidence to the contrary submitted by the appellant. The resolution of the credibility and weight given all of this evidence was within the province of the Board and it accepted the evidence presented by the Authority which we believe was substantial.

We must therefore affirm.

ORDER

AND Now, this 1st day of October, 1979, the order of the Board of Arbitration of Claims in the above-captioned matter is hereby affirmed.