**BRASEL & SIMS CONSTRUCTION CO., INC., Appellant (Plaintiff),**

v.

**STATE HIGHWAY COMMISSION OF WYOMING, Appellee (Defendant).**

No. 5678.

Supreme Court of Wyoming.

Dec. 14, 1982.

Rehearing Denied Jan. 18, 1983.

John T. Pappas, Lander, for appellant.

A. Joseph Williams, Asst. Atty. Gen. (argued), and Glenn Williams, Sr. Asst. Atty. Gen., for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

The jurisdiction of the district court to entertain a petition for review under the provisions of the Wyoming Administrative Procedure Act, § 9–4–101, et seq., W.S. 1977, from the findings of fact, conclusions of law and final order made following a claim procedure provided for by a highway construction contract between Brasel and Sims Construction Company (appellant) and the State Highway Commission of Wyoming (appellee) is the issue upon which this court will make disposition. The district court affirmed the appellee's denial of appellant's claim.

This is not the issue presented by either of the parties in their briefs or during oral argument on the appeal to this court, but originated during the course of the court's conference following oral argument. We became concerned about jurisdiction and therefore requested supplemental briefs on the following question:

"Does the Wyoming Administrative Procedure Act, § 9–4–101, W.S.1977, et seq., confer upon the district courts of this state jurisdiction to review the denial of a claim made upon a contract with the Wyoming State Highway Department which has been presented and denied in accordance with the rules and regulations of the Wyoming State Highway Department, and, if so, what is the impact upon such review jurisdiction of the right of the claimant to bring suit against the Wyoming State Highway Department based upon the claim?"

■ We will dismiss the appeal for the ultimate reason that the district court had no jurisdiction to entertain a petition for review, and, therefore, neither do we. *Pritchard v. State, Division of Vocational*

*Rehabilitation, Department of Health and Social Services,* Wyo., 540 P.2d 523 (1975); *Snell v. Ruppert,* Wyo., 541 P.2d 1042 (1975).

In September, 1978, the appellee called for bids to do construction work on a two-lane highway between Midwest and Reno Junction. Appellant's low bid of $4,011,221.70 was accepted by appellee and a contract dated October 19, 1978, was entered into. Part VII of the contract provided:

"VII. Any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Engineer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Engineer shall be final and conclusive unless, within 30 days from the date of receipt of such conclusion, the Contractor mails or otherwise furnishes the Wyoming State Highway Commission written appeal. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of his appeal."

Wyoming Highway Department Specifications for Road and Bridge Construction, 1974, were, by reference, made a part of the contract. Section 105.17 of those specifications set out a claim procedure:

"105.17 CLAIMS FOR ADJUSTMENTS AND DISPUTES. If in any case the Contractor deems that additional compensation is due him for work or material not clearly covered in the contract or not ordered as extra work as defined herein, or that contract time be extended, the Contractor shall notify the Engineer in writing within a reasonable time of his intention to make claim for such additional compensation or extended time. This notification should also specify the basis for the claim. The Engineer will acknowledge receipt of said intention and advise the Contractor that consideration will be given the claim when it is submitted in a formal manner with complete and thorough justification for every item. "Within sixty (60) days from the date of the Contractor's formal claim, the Department will render to the Contractor a judgment in writing. This judgment shall be final and binding upon both par-

ties to the contract unless the Contractor files within thirty (30) days of the date of said judgment a written notice of appeal with the Secretary of the Highway Commission. Subsequent to the filing of the notice of appeal, the claim will be pursued according to the Contractor's Claim Procedure adopted by the Highway Commission.

"Under no circumstances will a claim be considered if submitted later than sixty (60) days after publication of first notice of advertisement that work has been accepted as complete.

"If the claim is found to be just, it will be paid on the basis of actual costs to which no percentage will be added. The justification for payment may be based upon an audit by the Department of the Contractor's project records and cost accounting system. Nothing in this subsection should be construed as establishing any claim contrary to the terms of subsection 104.02."

Pursuant to the above provision, appellant filed a claim in the amount of $2,323,635.00 for additional compensation, allegedly not clearly covered by the 1978 contract. The claim was denied by the State Highway Department whereupon an appeal was taken to appellee. An extensive hearing was held before the appellee in accordance with the rules of practice adopted by the appellee for hearings "as authorized and required by Chapter 108, Session Laws of Wyoming, 1965 [Wyoming Administrative Procedure Act, § 9–4–101, et seq., W.S.1977]."

The dispute involved water, excavation, gravel pits, fencing, revegetation, removal and stockpiling of old road surface, guardrail and cost calculations. After the hearing, comprehensive findings of fact, conclusions of law and an order, dated September 18, 1981, were adopted by the chairman of the appellee deciding that the appellant "recover none of the additional compensation sought * * *." The claim was denied by appellee primarily because of failure of proof and was held to be an effort to convert a fixed-price contract, given to the lowest bidder, into a cost-plus contract.

The appellant thereupon filed a petition for review in the district court, Fremont County, Ninth Judicial District. Following submission of briefs to the district judge, the September 18, 1981 order of the appellee was affirmed. This appeal on the mer-

its followed. During the course of oral argument, it was revealed that a separate action had been filed by appellant in the District Court for Laramie County, First Judicial District, apparently seeking a recovery for monies claimed and arising out of the same contract now here as the subject of an administrative review. In the supplemental brief of appellant it is also disclosed that a claim had been filed with and rejected by the state auditor prior to commencement of the action in accordance with § 9–2–332, W.S.1977, Cum.Supp.1982:

> "Except as provided by W.S. 1–39–101 through 1–39–119, persons having claims against the state shall exhibit the claim, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within one (1) year after the claim accrues and not afterward."

The scope of the jurisdiction of the Wyoming State Highway Commission with respect to road construction is circumscribed by § 24–2–108, W.S.1977, in pertinent part:

> "All road and bridge construction work, any part of the cost of which is paid from the state highway fund, shall be performed in accordance with the plans and specifications prepared by the state highway superintendent and approved by the commission, and shall be performed by or under contracts awarded by the commission. * * * The commission shall adopt general rules and regulations for the publication of notice to bidders, the awarding of contracts, and for determining the qualifications and responsibilities of bidders."

Litigation is authorized by § 24–2–101(e), W.S.1977, Cum.Supp.1982:

> " * * * The commission is empowered to sue in the name of the 'State Highway Commission of Wyoming,' *and may be sued by that name in the courts of this state and in no other jurisdiction upon any contract executed by it.* * * * " (Emphasis added.)

■ The general rule is that only those powers expressly conferred by the legislature are granted to an administrative agency. *McNeill v. Park County School Dist. No. 1,* Wyo., 635 P.2d 818 (1981); *Tri-County Electric Ass'n, Inc. v. City of Gillette,* Wyo., 525 P.2d 3 (1974); *Bruegman v. Johnson Ranches, Inc.,* Wyo., 520 P.2d 489 (1974).

While these cases did not involve contracts with the administrative agency before whom the administrative hearing was held, they clearly held that, in the absence of statutory authority, administrative agencies may not decide contract disputes between the parties to the contract. If an agency cannot decide contract questions from a posture of disinterested decision making, then it would seem imperative that the agency not decide contract questions in which it is a party to the contract in question.

To allow such a quasi-judicial function to exist robs the system of at least the very important appearance of having an impartial tribunal, fair and unbiased as it may try to be. Even under the most sterile of circumstances, there is an underlying innuendo of bias. This court has been able in most cases to justify the workability of the combination of investigatory and adjudicative functions in administrative matters. This was commented on in *First National Bank of Thermopolis v. Bonham,* Wyo., 559 P.2d 42 (1977), where it was said that before we set aside an administrative decision on the ground of interest, the combination of investigative and adjudicative functions must create a risk of bias in administrative adjudication which overcomes a presumption of honesty and integrity in those serving as adjudicators. The system came under so much fire that the state examiner, as an investigator and adjudicator in banking matters, was legislatively replaced for adjudicative functions by a financial institutions board. Ch. 177, Session Laws of Wyoming, 1977 (§ 13–2–203, et seq., W.S.1977). In *Monahan v. Board of Trustees of Elementary School Dist. No. 9, Cty. of Fremont,* Wyo., 486 P.2d 235 (1971), because of the manner in which a hearing was conducted, the risk of bias compelled this court to remand for further proceedings by which that risk would be allayed.

■ We perceive a good deal of danger in the proliferation of a rule which would have the effect of granting to one of the parties to a contract the authority to adjudicate disputes over the amounts due under the contract. Over the years, this court has created appellate concepts, granting deference to the role of the fact finders. For example, it has been said that the supreme court cannot lightly disregard the weight

and credibility given witnesses by an administrative body in reviewing a determination made by that body. *Snake River Land Company v. State Board of Control*, Wyo., 560 P.2d 733 (1977). An administrative decision is to be reversed only for errors of law, including lack of substantial evidence. *Shenefield v. Sheridan County School Dist. No. 1*, Wyo., 544 P.2d 870 (1976). Substantial evidence within that rule is relevant evidence which a reasonable mind might accept as supporting the agency's conclusion. This is so even though we might have come to a different conclusion from one drawn by the agency. *Laramie River Conservation Council v. Industrial Siting Council*, Wyo., 588 P.2d 1241 (1978).

When the Wyoming Highway Commission is sitting in an adjudicatory role on its own contract, it is not only judging but is at the same time in the position of an adversary litigant. If we were to accept that inconsistency, we would be treating a litigant in the same fashion as we do a tribunal—giving the deference and allowing the same presumptions to which a quasi-judicial body must have but not allowing those benefits to its adversary. Such a picture is unbecoming the fairness which must permeate an acceptable structure for the administration of justice. We do not permit judges to sit on cases in which they are litigants nor jurors to sit on cases in which they are parties. As said in *Tri-County Electric Association, Inc. v. City of Gillette*, Wyo., 584 P.2d 995 (1978), contracts cannot be used to hoodwink the law. Contractual provisions cannot rise above the statutory law.

Against that landscape, it is difficult to visualize the procedures contemplated by § 105.17 of the Wyoming Highway Department Specifications for Road and Bridge Construction, 1974, supra, as anything more than a provision incorporated into the contract between appellant and appellee for the negotiation of " * * * additional compensation * * * for work or material not clearly covered in the contract * * *," which were not procedures intended to be a formal administrative proceeding under the Wyoming Administrative Procedure Act. This view lights up more the absence of any statutory authority to conduct such a hearing, as contemplated by the definition of "contested case," found in § 9–4–101(b)(ii), W.S.1977, Cum.Supp.1982:

"(ii) 'Contested case' means a proceeding including but not restricted to ratemaking, price fixing and licensing, in which legal rights, duties or privileges of a party *are required by law* to be determined by an agency after an opportunity for hearing." (Emphasis added.)

We can find no statutory authority for the appellee to conduct a hearing and make findings, conclusions of law, and a decision in a dispute between itself and one of its contractors, which is reviewable by the district court on a petition for review. In *Rissler & McMurry Co. v. Wyoming Highway Department*, Wyo., 582 P.2d 583 (1978), this court referred to such proceedings as "negotiations" and "settlement negotiations." The only viable question before the supreme court in that case was whether a claim against the state could be filed with the Highway Department on a highway contract as well as with the state auditor. The matter was remanded to the district court for "trial upon the issues" and not review.

As we see it, the contract procedure for a hearing was only a necessary prelude to filing the action in the district court for additional monies claimed to be due, authorized by § 24–2–101, supra. In *Cooke Contracting Company v. State*, 55 Mich.App. 336, 222 N.W.2d 231 (1974), it was held that under a similar contract provision, no lawsuit could be maintained by the contractor against the state until the administrative remedy provided for in a contract for bridges and traffic regulations had been exhausted. Where a highway contract provided for an audit prior to payment of a claim, it was held no suit could be brought against the state until the official charged with making the audit had done so. *City of New York v. State*, 40 N.Y.2d 659, 389 N.Y.S.2d 332, 357 N.E.2d 988 (1976). Parties to a contract can create valid conditions precedent to the right to bring an action, and the claim will not accrue until the condition has been performed. *Allen N. Lashner, Inc. v. Commonwealth, Depart. of Highways*, 1 Pa.Cmwlth. 486, 275 A.2d 403 (1971).

Appellant's relief may be found in its action on the contract filed in the District Court, Laramie County, First Judicial District.

Appeal dismissed and remanded with directions to the district court to dismiss the petition for review.

ROONEY, Justice, dissenting.

I dissent. I cannot agree with the majority opinion's conclusion that the district court lacked jurisdiction to hear this appeal. I believe the majority opinion confuses the jurisdiction of the district court to entertain this appeal with the jurisdiction of the appellee to act as it did in this case.

The majority opinion discusses the scope of appellee's statutory jurisdiction, the danger of allowing the contracting agency to adjudicate disputes over the amount due under a contract, and the fact that the contract procedure is not a "contested case" as that term is defined by § 9–4–101(b)(ii), W.S.1977, Cum.Supp. 1982, supra (in majority opinion). The majority opinion then concludes:

"*We can find no statutory authority for the appellee* to conduct a hearing and make findings, conclusions of law, and a decision in a dispute between itself and one of its contractors, which is reviewable by the district court on a petition for review. * * * " (Emphasis added.)

However, the issue is not whether the appellee has statutory authority to render a decision in this case but rather whether the district court has statutory authority to review appellee's decision in this case.

In *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978), we recognized that the right to judicial review of administrative decisions is statutory and that review is not available unless made so by statute. We also recognized that there must be a clear intent expressed by the legislature to preclude judicial review otherwise available, quoting at length from *Klein v. Fair Employment Practices Commission,* 31 Ill.App.3d 473, 334 N.E.2d 370, 374 (1975), as follows:

" 'Each statute must be carefully examined to discover the legislature's intent to restrict judicial review of administrative action. (*Heikkila v. Barber* (1953), 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.) While it is often said that barring constitutional impediments the legislature can preclude judicial review (See *Mount St.*

Mary's Hosp. v. Catherwood* (1970), 26 N.Y.2d 493, 511, 518–519, 311 N.Y.S.2d 863, 260 N.E.2d 508 (Fuld, C.J., Concurring)), such intent must be made specifically manifest, and persuasive reason must exist to believe such was the legislative purpose. (*Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681.) Only upon a showing of clear and convincing evidence of contrary legislative intent should the courts restrict access to judicial review. *Rusk v. Cort* (1962), 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809.' " *United States Steel Corporation,* supra, 575 P.2d at 750.

The majority opinion fails to point out any clear and convincing evidence of a legislative intent to preclude judicial review of this case. Conspicuously absent from the majority opinion is any direct reference to the section of the Wyoming Administrative Procedure Act authorizing judicial review of administrative actions, § 9–4–114(a), W.S.1977. This section provides in pertinent part:

"(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or *by other agency action or inaction,* or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court * * *." (Emphasis added.)

It is to this section that the court must turn to determine whether or not the district court had authority to entertain the petition for review and not to the statutory authority of appellee to act as it did in this case.

The fact that this is not a "contested case" does not preclude judicial review. Section 9–4–114(a), supra, provides that any person aggrieved by "agency action or inaction" is entitled to judicial review in a district court irrespective of whether or not the agency action falls within the definition of a "contested case." *Diefenderfer v. Budd,* Wyo., 563 P.2d 1355, 1359–1360

---

1. The Federal Administrative Procedure Act defines "agency action" as follows:

  "(13) 'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 U.S.C. § 551(13). The Model State Administrative Procedure Act (1961) does not define "agency action." The

(1977); *Johnson v. Schrader,* Wyo., 502 P.2d 371, 376 (1972); *Thornley v. Wyoming Highway Department, Motor Vehicle Division,* Wyo., 478 P.2d 600, 603 (1971); Rule 12.01, W.R.A.P.; and see: *Wyoming State Department of Education v. Barber,* Wyo., 649 P.2d 681 (1982); *Rissler & McMurry Company v. Wyoming Highway Department,* Wyo., 582 P.2d 583 (1978).

This case is somewhat complicated by the fact that "agency action" has not been defined by statute [1] or judicial decision in Wyoming. Federal courts have been reluctant to define "agency action," preferring to examine agency decisions on a case-by-case basis. 5 Mezines, Stein, Gruff, Administrative Law, § 43.01, p. 43–4. We have taken the same approach. See: *Thornley,* supra; *Diefenderfer,* supra; and *Rissler & McMurry,* supra.

In determining whether § 9–4–114(a), supra, confers upon the district court the authority to review the denial of a contract claim presented to the appellee pursuant to a contract dispute clause, i.e., contract Part VII (see majority opinion), the preference for judicial review expressed in *United States Steel Corporation,* supra, and the rules of statutory construction must be kept in mind. In construing statutes the following principles govern:

"* * * First off, it is a well-established principle that in construing a legislative enactment we must, if possible, ascertain the intent of the legislature from the wording of the statute. We are not, however, permitted to assign meaning to a statute which would have the effect of nullifying its operation. *In the Matter of the Injury to Hasser,* Wyo., 647 P.2d 66 (1982); *McGuire v. McGuire,* Wyo., 608 P.2d 1278, 1285 (1980). Also, words utilized in the statute are to be given their plain and ordinary meaning unless otherwise indicated. *Board of County Commissioners of the County of Campbell v. Ridenour,* Wyo., 623 P.2d 1174, 1184

(1981); *Jahn v. Burns,* Wyo., 593 P.2d 828, 830 (1979). Similarly, it is well settled that general principles of statutory construction calculated to assist the court in ascertaining legislative intent are not resorted to unless it can be said that the statute is ambiguous. *Sanches v. Sanches,* Wyo., 626 P.2d 61, 62 (1981); *Matter of North Laramie Land Co.,* Wyo., 605 P.2d 367, 373 (1980)." *Wyoming State Department of Education v. Barber,* supra, 649 P.2d at 684–685.

Although based upon the Uniform Law Commissioners' Revised Model State Administrative Procedure Act (1961), (hereinafter Model Act), *Scarlett v. Town Council, Town of Jackson, Teton County,* Wyo., 463 P.2d 26, 28 (1969), § 9–4–114(a), supra, substantially departs from the Model Act's review provisions [2] by providing for review of "agency action or inaction" in addition to decisions in "contested cases."

It has been recognized that "agency action" has an "all-embracive meaning" absent a limiting statutory definition. *Hearst Radio v. Federal Communications Commission,* 167 F.2d 225, 227 (D.C.Cir.1948). The use of "agency action or inaction" by the legislature evidences its recognition that an agency's informal actions should be subject to judicial review. As noted in the Commissioners' Comment on the definition of "agency action" in the Model State Administrative Procedure Act (1981) (see fn. 1, supra):

"* * * The principal effect of the very broad definition of 'agency action' is that everything an agency does or does not do is subject to judicial review. * * *" 14 U.L.A., Model State Administrative Procedure Act (1981), Comment to § 1–102, p. 41 (1981 P.P.).

The same effect was given § 9–4–114(a), supra, by including the term "agency action or inaction" without a limiting definition.

Limiting judicial review to "contested cases" or to administrative actions clearly

---

Model State Administrative Procedure Act (1981) defines "agency action" as follows:

"(2) 'Agency action' means:

"(i) the whole or a part of a rule or an order;

"(ii) the failure to issue a rule or an order; or

"(iii) an agency's performance of, or failure to perform, any other duty, function, or activity, discretionary or otherwise." 14

U.L.A., Model State Administrative Procedure Act (1981) § 1–102(2) (1981 P.P.).

**2.** Section 15, Model State Administrative Procedure Act (1961), provides in pertinent part:
   "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. * * *" 14 U.L.A., Model State Administrative Procedure Act (1961), § 15, p. 429.

authorized by statute as suggested by the majority opinion nullifies the operation of § 9–4–114(a). The majority opinion effectively strikes "agency action or inaction" from that section. This cannot be done. *Wyoming State Department of Education v. Barber,* supra. Nor is it required by our prior case law.

In *Diefenderfer v. Budd,* supra, two physical education instructors applied for transfers to the same position. After one was assigned to the position, the other filed a grievance pursuant to the contract between the board of education and the teachers' association. After exhaustion of the grievance procedure, a petition for review was filed pursuant to § 9–4–114(a), supra. The court noted that the subject matter of the appeal was *not* a "contested case" but rather a grievance covered by the contract and concluded that the "agency action" language of § 9–4–114(a), supra, authorized judicial review.

In *Rissler & McMurry Company v. Wyoming Highway Department,* supra, *Rissler & McMurry* appealed from a decision of the highway department[3] denying its claim for additional compensation under a construction contract. The district court dismissed the appeal based on the theory that the claim was not filed timely pursuant to § 9–2–332, W.S.1977, Cum.Supp.1982; the supreme court reversed, addressing the substantive question of whether or not there was substantial compliance with § 9–2–332. Implicit in the court's decision is the conclusion that the district court, and therefore the supreme court, had jurisdiction to entertain the appeal pursuant to § 9–4–114(a), supra.

The present case cannot be distinguished from either of the foregoing cases. In both *Diefenderfer,* supra, and *Rissler & McMurry Co.,* supra, the appeal was from an agency decision made pursuant to a contract. The fact that the proceedings were referred to as a "grievance," "negotiations" or "settlement negotiations" does not change the fact that the court exercised its appellate jurisdiction in deciding the cases.

The majority opinion expresses concern that there is no statutory authority for the appellee to render a decision in a dispute between itself and a contractor.[4] This may be a valid concern, but it is one properly addressed on appeal from the agency decision. Section 9–4–114(c)(ii), W.S.1977, Cum.Supp. 1982, provides that the reviewing court shall:

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations, or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

The issue of the agency's statutory jurisdiction is a proper ground for holding unlawful and setting aside agency action pursuant to this section. It is not a proper ground for determining that the courts do not have jurisdiction over an appeal.

"[I]n the absence of any statutory or common-law provision precluding or limiting judicial review," § 9–4–114(a), supra, the district court, and therefore the supreme court, has jurisdiction to entertain this appeal. The majority opinion suggests that the proper procedure for appellant to follow is to file an action in the district court as authorized by § 24–2–101(e), W.S. 1977, Cum.Supp.1982. However, that section contains no prohibition against judicial review pursuant to the Wyoming Adminis-

---

**3.** While not addressed in detail, the claims procedure followed in Rissler & McMurry appears substantially the same as the claims procedure followed in this case.

**4.** Contract dispute clauses similar to Part VII, supra, majority opinion, are common. See: *United States v. Wunderlich,* 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951); 41 C.F.R. § 1–1.318; *Graham Contracting, Inc. v. Department of General Services,* Fla.App., 363 So.2d

810 (1978). Prior to the passage of the Wunderlich Act, 41 U.S.C. §§ 321, 322, dispute clauses making the agency decision "final and conclusive" could be attacked only upon a showing of "conscious wrongdoing, an intention to cheat or be dishonest." *Wunderlich,* supra, 72 S.Ct. at 155. The Wunderlich Act, supra, subjects agency decisions made pursuant to a dispute clause available for review if:

"* * * fradulent [sic] or capricious or arbitrary or so grossly erroneous as necessarily

trative Procedure Act. Rather, it is a waiver of sovereign immunity.

Art. 1, § 8, of the Wyoming Constitution provides in pertinent part:

"* * * Suits may be brought against the state in such manner and in such courts as the *legislature* may by law direct." (Emphasis added.)

The Wyoming Administrative Procedure Act authorizes the appeal of agency decisions. The Wyoming Governmental Claims Act, § 1–39–101, et seq., W.S.1977, authorizes civil actions against the state. Prior to its amendment in 1980, it applied only to tort actions. As amended it also applies to contract actions.[5] It supersedes the waiver of sovereign immunity contained in § 24–2–101(e), supra; § 1–39–116(a), W.S.1977, Cum.Supp.1982.

Applying § 1–39–104(a), to the contract in this case and particularly to Part VII, immunity was waived only to the extent of providing a hearing before the appellee, and presumably, only for administrative review of the agency action pursuant to the Wyoming Administrative Procedure Act. It is conceivable that an agency would be able to make its decision final and conclusive in a contract dispute and thereby eliminate any recourse to the courts under the majority opinion's holding.

However, I question that the legislature can delegate the authority to waive sovereign immunity, let alone the extent of such waiver, to an administrative agency for exercise in drafting a contract. As stated in *Worthington v. State,* Wyo., 598 P.2d 796, 801 (1979):

"There are few, if any, precedents or rules that have been recognized longer or followed with greater fidelity than the rule that was set out in the case of *Hjorth Royalty Company v. Trustees of University,* 30 Wyo. 309, 222 P. 9 (1924),

which held that Art. 1, § 8, Wyoming Constitution, is not self-executing; that *no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit or claim could be made against the State. * * *"* (Emphasis added.)

The legislature is empowered by the constitution to waive sovereign immunity, not administrative agencies. To the extent that § 1–39–104(a), supra, fn. 5, grants that power to administrative agencies, it is unconstitutional.

I would hold that the district court, and therefore the supreme court, has jurisdiction over this appeal pursuant to § 9–4–114(a), supra, and would address the substantive issues raised thereby.

## ORDER DENYING REHEARING

ROONEY, Chief Justice.

After careful consideration of appellee's Application for Rehearing, this court finds that, by its opinion and decision heretofore handed down:

(1) it has not declared invalid any provision of the contract between appellee and appellant;

(2) it does not prohibit the claim procedures provided by § 105.17 of the Wyoming Highway Department Specifications for Road and Bridge Construction, 1974;

(3) it does not declare the hearing procedure before the appellee improper;

(4) it does hold that the findings of fact, conclusions of law and decision of the appellee following such hearing are not reviewable by the district court on a petition for

---

to imply bad faith, or is not supported by substantial evidence." 41 U.S.C. § 321.

In addition, it provides:

"No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board." 41 U.S.C. § 322.

5. Section 1–39–104(a), W.S.1977, Cum.Supp. 1982, provides:

"(a) A governmental entity and its public employees while acting within the scope of

duties are granted immunity from liability for any tort except as provided by W.S. 1–39–105 through 1–39–112. *Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided by the contract* if the contract was within the powers granted to the entity and was properly executed. The claims procedures of W.S. 1–39–105 through 1–39–112 apply to contractual claims against governmental entities." (Emphasis added.)

review under the administrative procedure act;

(5) it does hold that appellant's recourse is by a suit against appellee as authorized by § 24–2–101(e), W.S.1977, Cum.Supp. 1982.

The court does not, nor does it intend that this order in any way alter its opinion and decision of December 14, 1982.

It is, therefore,

ORDERED that appellee's Application for Rehearing be, and is, denied.

ROONEY, Chief Justice, dissenting.

I would grant rehearing for the reasons stated in my dissent. The petition for rehearing sets forth some cogent and practical reasons for reconsideration. The order denying rehearing states that the highway claim procedure is not prohibited and is not invalid, but that the result is not reviewable under the APA. If not reviewable, it is certainly a useless, expensive and time-taking procedure which no longer would have purpose. The executive branch is being denied a recognized legal constitutional right.